PERRY, administrator, *vs.* WALL.

That a tenant is ousted from lawful possession of property is not alone sufficient to make the landlord responsible; it must further appear that the tenant dissented, and that the ouster occurred through the landlord, or by his consent.

Landlord and Tenant. Ouster. Before Judge FLEMING. Early Superior Court. April Term, 1881.

Reported in the decision.

BUSH & LYON, by brief, for plaintiff in error.

R. H. POWELL; KENNON & HOOD; GUERRY & PARKS, for defendant.

SPEER, Justice.

This was a motion for a new trial, made by the defendant in the court below on the following grounds:

(1.) Because the court erred in refusing to allow defendant to put in evidence before the jury the fact that at the time of issuing said warrant the plaintiff was not the landlord of defendant, the court holding that the defendant might show any facts going to show that the note sued on was not given for rent, but could not show that plaintiff was not landlord of defendant. The court adds this note to this alleged ground of error: The question was asked witness, " If plaintiff owned any land," which the court rejected, counsel for plaintiff stating he wished to show plaintiff was not landlord of defendant.

(2.) Because the court erred in saying, during the progress of the trial, in presence of the jury, that defendant had not made it sufficiently clear that Wall, plaintiff, had any thing to do with the ouster of defendant. The court adds to this ground, the following: " The expression used was, that Wall must be shown to be connected with dispossessing defendant."

(3.) Because the court erred in his entire charge to the jury. The only part of the charge specifically excepted to as error is as follows: . " But I charge you that no party, or his agent, could take possession of what he has rented, so as to defeat the claim for rent, unless it is in proof before you that, with power, he deprived the party to whom rented, and that he dissented to it. If it should appear to you this party took possession of the property by force, and without the consent of the other party, then this rent would not be due. If, after going into the possession of the property the other party comes and takes possession, and he quietly consents to it, he would not be debarred the rent."

The evidence in the case showed the warrant was sued out on a promissory note, signed by Thomas J. Bush (the intestate of plaintiff in error), given to W. G. Wall, for one bale of middling cotton, weighing five hundred pounds, dated 10th December, 1875; and due 15th November, 1876—given for rent. That cotton was worth, when the note fell due, eleven cents per pound. That note was given for rent of part of the old James Bush plantation and one-half interest in use of gin, gin-house and screw for the year 1875.

Stovall testified he heard trade between Wall and Bridges about gin, gin-house and screw. Wall, plaintiff, owned half interest in the gin, etc., and Bridges owned the other half. Wall sold his interest to Bridges, about 1st October, 1875. Wall told Bridges to take possession of gin, etc., and do what he pleased with it. Bridges had rented his half of gin to one Wilson. Bridges went down and took entire possession of his gin, gin-house and screw, through Wilson, and excluded Bush from use of same, and would not let Bush put his cotton in gin-house. Bush was denied use of gin from time of sale from Wall to Bridges. The use was valuable. That, to the sale, Bush had use of gin one week and Wilson the next. The rent of gin, etc., was worth three or four hundred dollars. That defendant was damaged at least fifty-five dollars by being refused the use of the gin privileges, etc.

We have looked through the record, and find sufficient evidence to sustain this verdict under the charge of the court. The court, in its charge to the jury, left the question to them whether the tenant had been deprived by the *landlord* of the use of the gin and gin-house against his consent. He in terms instructed them, if the landlord, either by himself or agent, has, against the assent of the tenant, deprived him of the use of the property rented, then, he could not recover. It is not pretended that the landlord personally *deprived* the tenant of the use of the gin, etc.; but if he was deprived of it at all, against his as-

sent, it was by one Wilson, to whom Bridges, the other joint owner in the property, had rented his half interest. The jury, in the absence of all proof that Wall, the landlord, had any personal agency in ousting Bush, might have laid the ouster at the door of Wilson. We think if a tenant suffers a third party to come in and oust him, unless he can show he dissented therefrom, and that the landlord procured the ouster, or was in some manner responsible for it, then an ouster, under such circumstances, would not defeat the landlord's right to recover his rent. We think this principle was fairly given in charge by the court, and as there was evidence to support the verdict, and the judge below was satisfied therewith, we see no error that will, in our opinion, necessitate a new trial, under the rules so often laid down by this court.

Let the judgment below be affirmed.