### 2509, 2510. PAULK v. MIMS, and *vice versa.*

The only error appearing in the case can be cured by affirming the judgment, with direction.  *Hence,* the judgment is affirmed on condition.

DECIDED JANUARY 24, 1911.

Complaint; from city court of Baxley—Judge Padgett.  December 24, 1909.

*William B. Kent,* for Paulk.  *Parker & Highsmith,* contra.

POWELL, J. This case is an action by the vendor in an executory sale, against the vendee, the suit being based on the purchase-money notes. The defendant claimed certain credits; among other things a credit for certain raft timber which had been cut by certain third persons under the direction of the plaintiff; the defendant's claim being that the plaintiff had received the proceeds, amounting to $300. The case, for the most part, was very fairly and ably tried by the trial judge, but there is one apparent error in the record. He charged the jury that if the plaintiff authorized some person to go upon the land and cut the sawmill timber, and that person, under that authority, entered and cut the timber, the defendant could not set off the amount so received against the purchase price, because his remedy would be by injunction or otherwise than through a set-off to the note; the court evidently taking the view that since the defendant was in possession, and therefore could have sued in trespass for the cutting of the timber, or could have obtained injunction, he could not also hold the vendor liable for the money thus had and received. We think that it was permissible for the defendant to waive the tort and to hold his vendor contractually for the money thus had and received.  Cf. *Mc-*

*Lendon* v. *Finch, 2 Ga. App.* 421 (58 S. E. 690). The jury apparently found in favor of the state of facts on which the defendant's pleas were based, because the verdict was for less than the full amount sued for. We think, however, that justice can be done without unconditionally awarding a new trial. It is adjudged that the judgment on the main bill of exceptions be affirmed, on condition that the plaintiff will write off from his recovery the principal sum of $300; otherwise that a new trial be granted. The judgment on the cross-bill is affirmed. *Judgment affirmed, with direction.*