ISAAC S. PEEBLES, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 4512.   Promulgated May 4, 1945.

*J. J. Willingham, Esq.*, and *Victor Markwalter, C. P. A.*, for the petitioner.

*Bernard D. Hathcock, Esq.*, for the respondent.

18

OPINION.

TURNER, *Judge*: The first question is whether or not the petitioner properly reported the profits realized on the sale of timber under the Krepps contract as capital gain, and the answer to that question is to be found by determining whether or not the timber sold was property held by the petitioner "primarily for sale to customers in the ordinary course of his trade or business," and not therefore a capital asset within the meaning of section 117 (a) of the Internal Revenue Code. In addition to the claim that the timber was a capital asset within the meaning of section 117 (a), the petitioner argues that subsection (k) (2) of section 117,[1] added and given retroactive effect by the Revenue Act of 1943, is also applicable and that under its provisions the said gain was also properly reported as capital gain.

That the timber was held primarily for sale appears from petitioner's own testimony, but the evidence refutes, we think, any conclusion that it was held for sale, or sold, to customers in the course of any trade or business conducted or carried on by the petitioner. He made one transaction, and that with Krepps. Thereafter his only right or

---

[1](k) GAIN OR LOSS UPON THE CUTTING OF TIMBER.—

 *       *       *       *       *       *       *

(2) In the case of the disposal of timber (held for more than six months prior to such disposal) by the owner thereof under any form or type of contract by virtue of which the owner retains an economic interest in such timber, the difference between the amount received for such timber and the adjusted depletion basis thereof shall be considered as though it were a gain or loss, as the case may be, upon the sale of such timber.

interest was the collection of the selling price of the timber. The operation was that of Krepps, who was an independent contractor, and not an employee, agent, partner, or coadventurer of petitioner. Cf. *Boeing* v. *Commissioner*, 106 Fed. (2d) 305, relied on by the respondent, wherein the logger was an employee of the taxpayer and not a purchaser of the timber. In the instant case Krepps was the purchaser of all timber cut by him in his own operation, and he was required to pay to petitioner, as the purchase price of such timber, one third of the price for which he sold the logs, or according to the scale of minimum prices specified in the contract, whichever should be the higher. The fact that Krepps, in order to make more secure the payment of the purchase price of the timber, agreed to limit his sales to a group of four concerns and to arrange with such of those concerns as did become his customers to transmit to petitioner so much of the price at which he sold the timber as was necessary to pay the petitioner, does not make of the transaction the operation of a business by petitioner, nor does it make the companies which purchased the timber from Krepps the petitioner's customers. As to the petitioner, the timber was a capital asset and the gain realized therefrom upon its sale was properly reported by him as capital gain. *Estate of M. M. Stark*, 45 B. T. A. 882, and *John W. Blodgett*, 13 B. T. A. 1388. See and compare *United States* v. *Robinson*, 129 Fed. (2d) 297. In view of the conclusion reached, it becomes unnecessary to determine whether section 117 (k) (2), *supra*, is applicable.

The second question is whether the $4,000 received by petitioner's wife individually and the $4,000 received by her as trustee for her son upon the sale of the timber herein to the Leigh Banana Case Co. were received by her as the selling price of two 14/100 undivided interests in timber previously acquired by her individually and as trustee by gift from the petitioner, or whether the said amounts were received as a gift or distribution of the proceeds which petitioner had realized from the sale of timber belonging to him. If we have the former of these two situations, the gain realized upon the sale of the two interests was properly reported by her individually and as trustee, and the gain realized by reason of such sale was not the income of the petitioner. But if we have the latter of the two situations, the respondent's determination is correct.

We do not understand that the respondent now argues that the sale of the timber to the Leigh Banana Case Co. had been made or agreed to on or prior to December 8, 1941, the date of the claimed gifts of undivided interests therein to Mrs. Peebles and her son. Furthermore, if such claim were made, it would definitely be in conflict with the evidence, and particularly the testimony of H. J. Linder, vice president of the purchasing company and respondent's own witness. And, since

we know of no rule of law to the effect that a husband and father may not make, or does not have the power to make, valid and completed gifts of property or interests therein to his wife and child, the conclusion on the issue here must follow the answer to the question whether the things done by petitioner on December 8, 1941, effected a gift of the described interests in the timber later sold and, if they did effect gifts of the described interests, whether the proceeds here in question constituted the selling price of such interests by Mrs. Peebles for herself and for her son. We think they did.

In the first place, the words of the instruments delivered to Mrs. Peebles on December 8, 1941, were words of grant and conveyance of undivided interests in timber of specified sizes standing on certain described lands, and, since the timber in question was then standing on and attached to land owned and retained by petitioner, it is difficult to see how he might more effectively have made delivery of the subject matter of the gifts unless he should have taken it upon himself to cut and remove the timber and make physical delivery of the sawlogs and blocks themselves. It is true that the donees were given only a limited time within which to cut and remove the timber covered by the conveyances made, but such a limitation does not change the nature, character, or effect of the grant. In *McLendon Bros.* v. *Finch*, 2 Ga. App. 421; 58 S. E. 690, the Court of Appeals of Georgia said: "The time limit within which the timber must be removed is not a limitation directly upon the estate owned in the timber, but upon the concurrent license of ingress and egress necessary to the use of the timber." It was also stated that such a time limit on the removal of timber conveyed did not make a timber deed a lease. That such was the practical effect as well as the legal effect of the December 8 conveyances is demonstrated by what actually occurred thereafter. With respect to the interests covered by those conveyances, the Leigh Banana Case Co. acquired nothing from anyone other than Mrs. Peebles individually and as trustee, and, further, the interests which it did acquire from her and for which it paid $8,000 in cash were the identical interests, no more or less, which she had received from the petitioner on December 8, and no one, not even the respondent himself, questions the proposition that by such grant and conveyance the Leigh Banana Case Co. did on December 15, 1941, acquire those undivided interests in the said timber, as well as the 72/100 undivided interest admittedly acquired from petitioner. The proceeds from the sale of the two interests were received by Mrs. Peebles and retained by her individually and as trustee for her son. The gain realized on the said sale was properly reported by her, and the respondent was in error when in determining the deficiency herein he treated the said gain as capital gain realized by the petitioner. See and compare *Chisholm* v. *Commissioner*, 79 Fed. (2d) 14; certiorari denied, 296 U. S. 641; *Commissioner* v. *Court*

*Holding Co.*, 324 U. S. 331; *Harrison* v. *Schaffner*, 312 U. S. 579; *Adolph Weil*, 31 B. T. A. 899; affd., 82 Fed. (2d) 561; certiorari denied, 299 U. S. 552; *Preston R. Bassett*, 33 B. T. A. 182; affd., 90 Fed. (2d) 1004; *Edson* v. *Lucas*, 40 Fed. (2d) 398.

*Decision will be entered under Rule 50.*