### 380. McLENDON BROTHERS *v.* FINCH.

1. A conveyance of standing timber for sawmill purposes being a sale of real estate and not a lease, the provision of the Civil Code, § 3613, that "In a sale of land there is no implied warranty of title," is applicable thereto. Where the vendor has given such a conveyance containing no covenant of warranty, and has taken purchase-money notes from the vendee, the latter can not defend against a suit upon the notes by any plea predicated upon the theory of a breach of an implied covenant of quiet enjoyment, under such instrument.

2. While a vendee may recover from his vendor, who includes in a subsequent conveyance to a third person the land already sold (upon the theory of money had and received) such portion of the consideration of the second conveyance as is represented by the land so improperly included (*Niles* v. *Groover,* 78 *Ga.* 461), it is competent for the vendor to show that the land contained in the first conveyance was inserted in the second conveyance by mutual mistake, and that no part of the consideration of the second conveyance was given therefor.

(*a*) If a vendor fraudulently makes a second deed of conveyance to the same land, a cause of action ex delicto will arise in favor of the first vendee, if he suffers damage thereby, although his conveyance may have contained no covenant of warranty.

(*b*) Such a cause of action, being ex delicto, can not be set off against a suit upon promissory notes.

3. A person who has suffered an actionable wrong may pursue any number of consistent concurrent remedies against different persons until he

obtains satisfaction from some of them; he is not permitted to pursue inconsistent remedies.

(a) No matter what right the party wronged may have of electing between remedies or of pursuing different defendants for the same cause of action, when he once obtains full satisfaction from one source, his cause of action ends, and he can assert it no further.

(b) If the plaintiff in a suit brought upon a given cause of action accepts a sum of money in full settlement thereof, he can not thereafter set up the same cause of action against another whom he had the election of suing in the first instance.

(c) A settlement of a cause of action by a partnership estops the individual partners, at least those who participated or acquiesced therein, from afterwards asserting the same cause of action as their own.

Complaint, from Paulding superior court—Judge Edwards. February 21, 1907.

Argued June 20,—Decided August 8, 1907.

*J. J. Northcutt, R. E. L. Whitworth,* for plaintiffs in error.

*A. J. Camp, W. E. Spinks,* contra.

POWELL, J. In March, 1902, Finch, for the consideration of $1,000, sold to Smith & Tomlin all of the timber on certain lots of land, together with sawmill privileges, including right of ingress and egress; but limited the time within which the timber was to be cut and the privileges exercised to two years from date. The instrument of conveyance contained no clause of warranty. As a part of the transaction Smith & Tomlin gave promissory notes for the purchase-money of the timber. In September, 1902, Smith & Tomlin transferred their conveyance to McLendon Brothers, and Finch took the notes of the latter partnership in lieu of the notes of the former. Afterwards the partnership of McLendon Brothers & Smith, composed of the same persons as the partnership McLendon Brothers with the addition of Smith, acquired the conveyance; but the record is silent as to just how this was done. In May, 1903, the East & West Railroad Company sought to condemn a right of way through the lands on which the timber stood; and, to avoid the statutory proceedings, Finch, in consideration of $800, executed and delivered to the railroad company a warranty deed to the strip of land sought as a right of way, and made no exception as to the timber. At the time this conveyance was executed McLendon Brothers & Smith were in possession of the timber and were actually engaged in cutting it. The railroad company proceeded to open and grade its right of way, and, in addi-

tion to cutting down a considerable quantity of the timber, also impeded the ingress and egress to and from the mill and timber of McLendon Brothers & Smith; and this partnership brought suit against the railroad company for these damages. In settlement of this suit the railroad company paid to McLendon Brothers & Smith $425, and took from them a receipt in full for all damages done by the cutting of the right of way. Subsequently to this transaction Finch sued McLendon Brothers upon the notes which they had given for the timber. In defense to this action several pleas were filed, all of them based upon the fact that Finch had executed the deed to the railroad company, without excepting the timber and milling rights previously conveyed. They first set up the transaction by a plea of failure of consideration, asserting that the second conveyance was a violation of the former contract, and that through the violation of this contract the defendants had been damaged in a sum far in excess of the amount due on the notes, by reason of the fact that the railroad company had destroyed their timber and mill rights, and that the consideration of the notes had therefore failed. They also set up the same transaction in the form of a plea of recoupment, and prayed judgment for the excess of the damages above the amount of the notes. They further set up, that, in conveying the land to the railroad company, Finch had also conveyed the timber; that the timber conveyed was of the value of $500; that this amount of money having been received by Finch for timber belonging to defendants, he should in equity and good conscience account to them for it; and they therefore prayed a set-off of this amount. It appeared from the testimony that the railroad company had notice of the timber conveyance at the date on which they bought the right of way, and that no part of the eight hundred dollars consideration was paid on account of the timber. The defendants objected to this testimony, so far as it went to show that Finch had received no consideration for the timber, on the ground that it contradicted the recitals of the deed from Finch to the railroad company, which asserted that in consideration of $800 Finch conveyed the land, and did not except the timber. The court directed a verdict for the plaintiff, and the defendants bring error.

1. The relation between the parties to a conveyance whereby the one sells to the other the timber on land is that of vendor and ven-

dee, and not that of landlord and tenant; and the conveyance is a deed, not a lease, although the time within which the timber is to be cut and removed is limited to less than five years. *Baxter* v. *Mattox,* 106 *Ga.* 344; *McRae* v. *Stillwell,* 111 *Ga.* 65; *Morgan* v. *Perkins,* 94 *Ga.* 353; *Coody* v. *Gress Lumber Co.,* 82 *Ga.* 793. In cases of landlord and tenant, no estate passes out of the landlord further than a mere usufruct which is not assignable without the landlord's consent. Civil Code, §3115. The conveyance of timber, on the other hand, authorizes the grantee, not merely to use it and return it, but to take it away, sell it, and otherwise possess it. The time limit within which the timber must be removed is not a limitation directly upon the estate owned in the timber, but upon the concurrent license of ingress and egress necessary to the use of the timber. These conveyances are further distinguishable from leases, by reason of the fact that they are assignable without the consent of the grantor. *McRae* v. *Stillwell,* 111 *Ga.* 65; *Baxter* v. *Mattox,* 106 *Ga.* 355. The conveyance from Finch to Smith & Tomlin, being a deed and not a lease, is within the purview of the Civil Code, §3613, that "In a sale of land there is no implied warranty of title." It is to be treated as a quit-claim deed. *McDonald* v. *Beall,* 55 *Ga.* 289 (9, 10); *Wright* v. *Shorter,* 56 *Ga.* 72 (4, 5); *McDonough* v. *Martin,* 88 *Ga.* 675; *Nathans* v. *Arkwright,* 66 *Ga.* 186. Whether it is such a deed as falls within the purview of Civil Code, §3609, which provides that a title after-acquired by the vendor inures to the benefit of the vendee, is not in point in this case and is not decided (see *Morrison* v. *Whiteside,* 116 *Ga.* 459, and *Taylor* v. *Wainman,* 116 *Ga.* 795); but it has no express contract of warranty, and none will be implied. This conveyance being a deed and not a lease, this case is distinguishable from *Perry* v. *Wall,* 68 *Ga.* 70, and *Williams* v. *George,* 104 *Ga.* 599; for statutes declaring "that no covenants shall be implied in a conveyance of real estate have been considered as not applying to leases, because they are not conveyances of real estate within the meaning of the statute." Brewster on Conveyancing, §211. The case is likewise distinguishable from *Sanderlin* v. *Willis,* 94 *Ga.* 171, and *Gibson* v. *Carreker,* 91 *Ga.* 617; for in those cases there was involved the breach of the express covenant of a bond for title. We have thus defined the character of the timber conveyance executed by Finch to McLendon

Brothers, as prefatory to the statement, that, since it contained no covenant of warranty, and since none will be implied, Finch committed no contractual breach by his subsequent deed to the railway company. Finch having committed no contractual breach in executing the second conveyance, it follows that the court did not err in disregarding such of the defendant's pleas as were necessarily founded upon this theory. This is especially applicable to the plea of recoupment.

Further, as to the plea of failure of consideration, let us inquire as to what was the consideration of the notes. It was the execution of the timber conveyance by Finch and the passage of the title to the timber from him to his grantees. Has this consideration failed in any respect? It is not insisted that the conveyance was not executed, or that the title did not pass. The title did pass, and it is not shown to have failed in the slightest degree; for when it came into conflict with the railroad company's subsequent deed, it prevailed and damages were recovered for an invasion of it. There was therefore no failure of consideration.

2. As to the plea in which the defendants sought to set off a portion of the money received by Finch from the railway company on the theory of money had and received by him for their benefit, we will proceed to discuss this point for the moment, without reference to the fact that the defendants, instead of ratifying the deed Finch made to the railroad company, repudiated it and asserted their superior title and took payment from the company in settlement for the value of the timber taken. In *Niles* v. *Groover*, 78 *Ga.* 461, the Supreme Court held: "Where an owner of land sold a portion thereof, and subsequently sold a right of way to a railroad company passing through both his own land and that which he had previously sold, in an action for money had and received, brought by a person holding by conveyances under the original vendee against such vendor, she would be entitled to recover, not merely the value of the land so illegally sold by the vendor as a right of way, but the amount received by him for that portion of the land belonging to her which he thus sold; and if, in the sale to the railroad company, all parts of the land conveyed by him were treated as equally valuable, and the purchase-money was paid as a gross sum, then the plaintiff would be entitled to recover a proportion of the purchase-money, correspond-

ing to the proportion in which she held the land sold as to quantity." In that case the deed from Niles under which Mrs. Groover claimed was not recorded, and the subsequent deed made to the railway company was superior to hers; so that no redress was left to her other than to demand that Niles pay her the money which he had received from the sale of her land. We think, as to the case at bar, that if Finch had received from the railway company any money on account of a sale of the timber belonging to the defendants, they might have ratified the sale and have held him responsible for so much money as he received on that account. But under the testimony no sum was received by Finch on account of the timber; and this testimony was competent, for it did not contradict the deed but merely explained the recital as to the consideration. See Civil Code, §3599; and compare Devlin on Deeds (2d ed.), §896. Since the plaintiff received no money from the sale of property belonging to the defendant, the plea of set-off on this ground necessarily fell.

We do not mean to say that a vendor may not become responsible to his vendee by the execution of a second deed covering the same property, even though the first conveyance be by quitclaim only. One "who fraudulently makes a second deed of conveyance to any land or real estate" is not only guilty of a crime (Penal Code, §669), but commits an actionable wrong against the person injured. In this case, if Finch, having conveyed the timber to the defendants, although by only a quitclaim deed, had deeded the land, not omitting the timber, to the railroad company and it had taken as a purchaser without notice, the defendants would have had a cause of action against him; but it would have sounded in tort, and not ex contractu. The plaintiff's action upon the notes being purely ex contractu, the defendants could not set off against it a cause of action arising in their favor from the plaintiff's having made, even though fraudulently and tortiously, and to their damage, a second deed; for a cause of action arising ex delicto can not be set off against an action ex contractu. Civil Code, §4944; *McLeroy* v. *Sewell*, 73 *Ga.* 659.

3. So far we have discussed the questions as if the defendants in the court below had never received satisfaction for these very damages by which they sought to defeat or diminish the plaintiff's cause of action. However, it appears from the record that McLen-

don Brothers & Smith, a firm composed of the defendants and another, had sued the railroad company for a recovery of these very damages, and had accepted a sum of money in full settlement of the cause of action. That there can be but one satisfaction for the same cause of action is elementary, and the justness of the rule must appeal to every one not possessed of "an unnatural insensibility to the essential fitness of things." No matter what right of election the plaintiff may have as to choice of remedies, or as to whom he shall sue or join as parties defendant, or as to waiving tort and suing on contract; still when once he has received satisfaction for the cause of action, his right to further sue in any form forever ends. "A plaintiff may pursue any number of *consistent* concurrent remedies against different persons *until he obtains satisfaction from some of them.*" Civil Code, §4945. He is not permitted to pursue inconsistent remedies. *Equitable Life Assurance Society* v. *May, 82 Ga.* 646. A careful reading of the opinion by Chief Justice Bleckley in the case just cited, and an application of the principles there outlined, will make it plain that it is utterly inconsistent that McLendon Brothers should sue and recover from the railroad company on the theory that the conveyance which they held to the timber was perfect as title and superior to the deed of the railroad company, and then afterwards seek to recoup or set off against Finch, on the theory that the second conveyance impaired or invalidated the first conveyance; and likewise it is inconsistent that they should sue and recover from the railroad company on the theory that its payment to Finch for the timber afforded no protection against their prior title, and afterwards seek to appropriate to their benefit, as money had and received to their use, any portion of the sum so paid to Finch by the company. Nor is it any reply to an application of this principle that in the settlement with the railroad company McLendon Brothers and their partner accepted less than the amount sued for and less than the actual damage done them. There is no intimation that the settlement was unfair or fraudulent; they voluntarily accepted the sum in full satisfaction; they pursued their action until the defendant therein tendered in settlement a sum which their judgment dictated they should accept. Such a settlement is as complete an estoppel against another suit upon the same cause of action as a judgment recovered and paid off would have been.

*Atlanta Elevator Co.* v. *Fulton Mills,* 106 *Ga.* 431. Nor is application of this doctrine to be withheld because the suit and satisfaction against the railroad company was in favor of McLendon Brothers & Smith, while McLendon Brothers alone are involved in the present transaction. It appears from the record that McLendon Brothers, as well as their partner Smith, participated in the settlement made with the railroad company and shared in the proceeds. This estops them. Compare *McRae* v. *Stillwell,* 111 *Ga.* 65.

The verdict directed by the court was the only legal result of the case.                                        *Judgment affirmed.*