30429. MERCANTILE NATIONAL BANK v. FOUNDERS LIFE ASSURANCE COMPANY OF FLORIDA et al.
30440. ALDRIDGE v. FOUNDERS LIFE ASSURANCE COMPANY OF FLORIDA et al.

NICHOLS, Chief Justice.
This appeal arises out of attempts by Mercantile

National Bank to collect judgments against Dan A. Aldridge and Ernest L. Harris. The bank brought suit on two notes in the Civil Court of Fulton County totaling $133,646.80. Personal service was made on Aldridge, a resident of Fulton County while Harris, a resident of North Carolina, was served under the Long Arm Statute. Aldridge's primary asset is a contract with Founders Life Assurance Company of Florida which entitles him to commissions on renewal premiums received on policies sold by him under an agency agreement. Harris has no assets in Georgia. The bank filed garnishment proceedings to recover the amount due Aldridge under his contract with the insurance company. A dispute arose as to whether only 25 percent of the amount due Aldridge was subject to garnishment or whether the entire amount was payable to the garnishor. The insurance company paid 25 percent of the amount due under the contract into the Civil Court of Fulton County. It then filed an interpleader action in the Superior Court of Fulton County and tendered the remaining 75 percent due under the contract into the registry of the court. Aldridge and the bank filed claims to the fund.

The bank contends the amount due under the contract is not disposable earnings and that it is entitled to the entire amount due to Aldridge under the contract, while Aldridge contends they are disposable earnings and he is entitled to receive the 75 percent paid into the registry of the court. Ga. L. 1970, p. 724 (Code Ann. § 46-208).

Aldridge also contends that he has been released from liability on the judgments by virtue of an agreement between the bank and his joint judgment debtor denominated as a covenant not to sue. After the judgments were obtained on the notes and prior to the present interpleader action, the bank had filed suit against Harris in North Carolina on the Georgia judgment. Harris counterclaimed in such action for $600,000. The bank then entered into an agreement with Harris that it would dismiss its action against him, that it would never sue said Ernest L. Harris upon the judgment and notes and Harris would dismiss his counterclaim; however, the bank expressly reserved its rights, as a

judgment creditor, that could be exercised within the State of Georgia.

The trial court held this agreement to be a release, which also released the joint judgment debtor, Aldridge, and ordered all the funds paid into the registry be paid to Aldridge. The bank appeals from this ruling and Aldridge appeals from the court's failure to order repayment of any sums paid to the bank after the date of the agreement with Harris.

1. The threshold issue (enumerated as errors 1, 2, 3 and 10) is whether the covenant not to sue given by the bank in favor of Harris operates as a release of Harris and by operation of law also released Aldridge as a joint judgment debtor.

"A covenant not to sue is not a release, but it is to be distinguished from a release, and the distinction, although technical or artificial, is clear. The difference is one of intent and grows out of the construction placed on the terms of the instrument, since a covenant not to sue is not a present abandonment or relinquishment of a right or claim but merely an agreement not to enforce an existing cause of action, and, although it may operate as a release between the parties to the agreements, it will not release a claim against joint obligors or joint tortfeasors . . ." 76 CJS 630, § 3.

Most of the cases involving covenants not to sue are prejudgment tortfeasor cases where one joint tortfeasor pays a part of the claim and is dismissed as a party defendant. This type of covenant has generally been held not to be a release of the other tortfeasors, but they may be pled to reduce the amount of any damages awarded.

In *Weems v. Freeman,* 234 Ga. 575, 577 (216 SE2d 774) (1975), this court held that an oral agreement entered into during the trial of the case (to accept $15,000 from each of two defendants, let the trial proceed and the third defendant pay a third of whatever judgment was rendered) was in effect an agreement not to enforce a judgment and was therefore a release under Code § 39-604 which also released the third defendant who was not a party to the agreement.

In the present case the agreement, after providing for the dismissal of the North Carolina suit and

counterclaim, states: "It is expressly understood that this Covenant Not to Sue is entered into for the purposes set forth in the premises and said Mercantile National Bank expressly reserves all rights against said Ernest L. Harris, his heirs, executors, administrators and assigns, which it has as a judgment creditor of said Ernest L. Harris and which can be exercised within the State of Georgia."

An action to domesticate a foreign judgment is a new action (Code § 3-701) and could be exercised by the bank independently of any right of Aldridge. The bank relinquished such right by virtue of the agreement with Harris and the question presented is: Was Aldridge damaged or put in a more perilous position because of the bank's action? The relationships of all the parties are the same now as they were before the bank attempted to domesticate the foreign judgment.

The trial court held: "The plain, unambiguous language of the covenant makes it clear it is an agreement not to execute a judgment already granted." The court overlooked the fact that the bank had no right to execute the judgment in North Carolina unless and until it successfully domesticated in Georgia judgment in that state.

The holding in *Powell v. Davis*, 60 Ga. 70 (1878), is not applicable here on its facts, as it was an action to domesticate a foreign judgment where a release of the resident joint judgment debtor and a Tennessee statute were successfully pled as a defense.

The trial court erred in holding that the agreement in question here was an agreement not to enforce a judgment.

2. Enumeration of error 4 complains of the court's finding that the contract involved here required services to be performed by Aldridge, thereby making it a personal service contract, whereas the appellant bank contends that all rights under the contract are vested and in no way requires the performance of any services by Aldridge. The trial court made no ruling or findings as to this enumeration of error and none is required by this court.

3. Enumerations of error 5, 6 and 7 complain of the trial court's finding that the payments under the contract

were disposable earnings and contend that the trial court erred in ordering the sums paid into the registry to be paid to Aldridge. The trial court made no ruling in its judgment and decree as to what constituted earnings, but ordered the sums paid into the registry be paid to Aldridge on the basis that he had been released under the agreement discussed in Division 1. The trial court did state in its conclusion of law that the "payments due were clearly earnings," but did not base its ruling thereon. As to what constitutes earnings under the Federal statute (15 USCA § 1671 et seq.), which is substantially the same as the Georgia statute (Ga. L. 1970, p. 724; Code Ann. § 46-208), where compensation received from sources other than earnings is considered, see Gerry Elson Agency v. Muck (Mo.) 509 SW2d 750; Kokoszka v. Belford, 417 U. S. 642 (94 SC 2431, 41 LE2d 374).

4. Enumeration of error 8 complains of the denial of the bank's prayers for an injunction and the appointment of receiver. There was no evidence adduced that Aldridge was trying to dispose of the contract involved here or that the asset would be dissipated if the prayers for injunction and receivership were not granted. The trial court did not err in denying this relief.

5. Enumeration of error 9 complains of the failure to allow attorney fees under Code § 46-502. In view of the ruling made in the first division of the opinion, this issue will be open for determination when the case is returned to the trial court.

6. As a result of the ruling in the first division of the opinion, the issues presented by the cross appeal are moot.

*Judgment reversed on main appeal; cross appeal dismissed. All the Justices concur, except Ingram, J., who concurs in the judgment only and Hill, J., disqualified.*

ARGUED OCTOBER 15, 1975 — DECIDED JANUARY 8, 1976 — REHEARING DENIED JANUARY 27, 1976.

*Haas, Holland, Levison & Gibert, William R. King,* for Mercantile Nat. Bank.

*Lefkoff & Hanes, Joseph Lefkoff, George M. Fox,* for Aldridge.
*Heyman & Sizemore, Ben H. Oehlert, III,* for appellees.