68126. CLEMENTS v. TRUST COMPANY BANK OF MIDDLE GEORGIA.

BENHAM, Judge.

Appellee brought suit against appellant on a note and took a default judgment when appellant's answer was stricken after appellant failed to appear in person or by counsel at the call of the case for trial. More than 30 days after judgment was entered, appellant filed a motion to set aside the judgment pursuant to OCGA § 9-11-60 (d). On this appeal, appellant enumerates as error the denial of his motion to set aside and the original entry of judgment.

1. The first basis on which appellant sought to show a nonamendable defect on the face of the record was lack of notice of the trial date. The trial court found, after the hearing on appellant's motion to set aside, that appellant had been represented by counsel, that counsel had received notice of the trial, and that counsel's efforts to inform appellant of the trial date had been unsuccessful even though appellant had the same mailing address at all times pertinent to this case. Under those circumstances, the trial court did not abuse its discretion in denying appellant's motion to set aside on the ground of lack of notice of trial. *Murer v. Howard,* 165 Ga. App. 230 (299 SE2d 151) (1983).

2. The other ground asserted by appellant was that the claim on which the judgment was entered was for unliquidated damages and that the trial court was not, therefore, authorized to enter judgment without the presentation of evidence. However, there is nothing in the complaint to indicate that the damages were unliquidated. Thus, appellant has failed to show the existence of a nonamendable defect on the face of the record with regard to damages, and the trial court properly refused to set aside the judgment on that ground. *Griffin v. First &c. School of Ga.,* 149 Ga. App. 22 (253 SE2d 422) (1979).

3. Appellant's efforts to attack the underlying claim would have required the development of the issue by evidence and was not a proper subject for a motion to set aside. *Prudential Timber &c. Co. v. Collins*, 155 Ga. App. 492 (271 SE2d 43) (1980).

4. "Since appellant's notice of appeal was filed [more than 30] days after the entry of . . . judgment, that portion of [the] appeal seeking review thereof is untimely and must be dismissed. [Cits.]" *Dutton v. Dykes*, 159 Ga. App. 48, 50 (283 SE2d 28) (1981).

*Judgment affirmed in part; appeal dismissed in part. Banke, P. J., and Pope, J., concur.*

DECIDED JUNE 26, 1984 —
REHEARING DENIED JULY 12, 1984.

*J. Laddie Boatright*, for appellant.
*Arthur L. Phillips*, for appellee.