69890, 69891. GEORGIA RAILROAD BANK & TRUST COMPANY et al. v. GRIFFITH; and vice versa.
(335 SE2d 417)

BANKE, Chief Judge.

The Georgia Railroad Bank and Trust Company and River Mill Realty, Inc., previously obtained a default judgment in the Superior Court of Richmond County, Georgia, against John D. Griffith, Jr., and David Althoff. Griffith brought the present action in the Superior Court of Fulton County to have that judgment declared unenforceable, alleging, among other things, that the defendants had released his co-obligor, Althoff, from the obligation and that this had the effect of releasing him, as well. Griffith also alleged that the judgment should be set aside due to lack of service upon him and because the defendants had failed to obtain judicial confirmation of a subsequent foreclosure sale relating to property which had served as security for the indebtedness on which the default judgment was based. He sought an injunction prohibiting the enforcement of the judgment and also sought damages for abuse of process and stubborn litigiousness. The defendants counterclaimed to collect a balance of more than $200,000 remaining on the Richmond County judgment.

The trial court granted Griffith's motion for a partial summary judgment declaring the default judgment to be satisfied as a result of the release of Althoff. The court also enjoined the defendants from further attempts to enforce the Richmond County judgment. The

plaintiff's claims for damages for bad faith and stubborn litigiousness remain pending below. The defendants appeal this grant of partial summary judgment to Griffith, and Griffith cross-appeals from the trial court's failure also to invalidate the default judgment based on lack of service and on the defendants' failure to obtain judicial confirmation of the foreclosure sale. Due to the trial court's grant of injunctive relief to Griffith, we originally transferred the case to the Supreme Court pursuant to its equity jurisdiction. The Supreme Court has now transferred it back to us without explanation.

It appears without dispute that subsequent to obtaining the default judgment against Griffith and Althoff, the defendants entered into a settlement agreement with Althoff, whereby the latter agreed to pay the defendants $75,000 in satisfaction of his liability in the matter and also to relinquish a disputed claim to certain fire insurance benefits relating to the property which had secured the original debt. The principal document encompassing this settlement agreement was styled *"Mutual Release,"* and it is clear from a reading of the various documents making up the agreement that the parties intended it to apply only to Althoff. In fact, the defendants not only expressly retained the right to pursue a recovery against Griffith but agreed to give Althoff 50 percent of any recovery obtained from Griffith in excess of $75,000. The defendants contend that although they labeled their agreement with Althoff a "release," it was actually a "covenant not to enforce" and as such does not affect Griffith's liability. *Held*:

1. " 'A covenant not to sue is not a release, but it is to be distinguished from a release, and the distinction, although technical or artificial, is clear. The difference is one of intent and grows out of the construction placed on the terms of the instrument, since a covenant not to sue is not a present abandonment or relinquishment of a right or claim but merely an agreement not to enforce an existing cause of action, and, although it may operate as a release between the parties to the agreements, it will not release a claim against joint obligors or joint tortfeasors.' 76 CJS 630 § 3." *Mercantile Nat. Bank v. Founders Life*, 236 Ga. 71, 73 (222 SE2d 368) (1976). This distinction between a release and a covenant not to sue also applies to agreements not to enforce a judgment. See *Revis v. Forsyth County Hosp. Auth.*, 170 Ga. App. 366 (317 SE2d 237) (1984).

Griffith contends that the present case is controlled by *Philips Audio &c. Corp. v. Bateman*, 160 Ga. App. 12 (285 SE2d 747) (1981), in which we held that the "[l]aw of this State does not allow a plaintiff fully to settle with (release) one joint obligor and agree not to enforce a judgment against him, while reserving a right to pursue others." However, the Supreme Court has held that "[w]here the right to sue has been reserved and the plaintiff has not received full

satisfaction, the agreement will be construed to be a covenant not to sue because of the manifest intent of the parties." *Weems v. Freeman*, 234 Ga. 575, 576 (216 SE2d 774) (1975).

Although the agreement referred to in *Weems* was ultimately held to be an agreement never to enforce a judgment, which had the effect of releasing a joint obligor who was not a party to the agreement, this court has distinguished that result in a case factually similar in material respects to the case before us. In *Revis v. Forsyth County Hosp. Auth.*, supra at 368, we held as follows: "OCGA § 9-13-74 . . . provides: 'An agreement for a valuable consideration never to enforce a judgment or execution shall release the judgment or execution.' . . . The use of the word 'never' indicates an intent to encompass the entirety of the judgment as applied to everyone against whom it could be enforced. The language of the statute therefore does not address a situation in which a judgment could be enforced jointly or severally against more than one party and the covenant not to enforce involves fewer than all of those parties."

The defendants in the case before us did not receive full satisfaction of their judgment as a result of their agreement with Althoff, and although the agreement was denominated a release, the parties clearly intended that it would not preclude the defendants from enforcing the judgment against Griffith. It follows that the agreement must be considered merely a covenant not to enforce the judgment against Althoff rather than a release. Consequently, the trial court erred in granting summary judgment to Griffith.

2. With respect to Griffith's contention in his cross-appeal that the judgment was void due to the defendants' failure to obtain judicial confirmation of the foreclosure sale, the facts of record are, in material respects, identical to those in *Taylor v. Thompson*, 158 Ga. App. 671, 673 (282 SE2d 157) (1981). In that case we held that "[w]hen a creditor who holds a promissory note secured by a deed to secure debt containing a power of sale sues on the note and obtains a money judgment and thereafter elects to exercise the power of sale in the deed to secure debt, and the proceeds of such sale are not sufficient to satisfy the judgment, he is not required to comply with [OCGA § 44-14-161] before attempting to enforce further his judgment." Because the foreclosure sale at issue in this case occurred after the default judgment had been entered, the failure to obtain confirmation of the sale does not affect the validity or enforceability of the judgment with respect to any amounts which may remain due thereunder.

3. We have carefully examined Griffith's contentions concerning service of process and find them to be without merit.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Benham, J., concur.*

Decided September 4, 1985 —
Rehearing denied September 24, 1985 —

*O. Palmour Hollis, Charles C. Stebbins III*, for appellants.
*Warren W. Wills, Jr., Paul H. Arne*, for appellee.