72582. OLDEN CAMERA & LENS COMPANY, INC. v. WHITE.
(347 SE2d 696)

BANKE, Chief Judge.

The appellant brought this action to collect an alleged account indebtedness, naming as defendants the appellee, Alton L. White, "d/b/a Alton White & Associates," and "Alton White & Associates, a Corporation." The complaint prayed for judgment against the defendants jointly and severally in the amount of $17,337.32, plus interest at the rate of 7 percent per annum and reasonable attorney fees. Because the defendants failed to appear for trial, the trial court struck their answer and entered judgment for the appellant for the amount of the alleged indebtedness, plus interest in the amount of $909.75 and attorney fees in the amount of $1,733.

At a subsequent term of court, the trial court granted White's motion to set the judgment aside with respect to himself as an individual. The court also eliminated the award of interest and attorney fees, leaving intact only the principal amount of the judgment against the corporate defendant. We granted the appellant plaintiff's application for an interlocutory appeal from this order. *Held*:

1. White's assertion to the contrary notwithstanding, the complaint clearly named him as a defendant in his individual capacity, along with the corporation. Indeed, the record contains a separate return of service with respect to each named defendant. The record also belies White's assertion that "separate answers were filed denying proper service and denying that either . . . [defendant] was liable for the debt." In fact, a single answer was filed on behalf of both defendants, which answer was, of course, stricken prior to the entry of the default judgment.

The trial court apparently granted White's motion to set aside in the belief that a plaintiff could not obtain a judgment against two

defendants based on the same claim. However, OCGA § 9-2-4 provides that "[a] plaintiff may pursue any number of consistent or inconsistent remedies against the same person or different persons until he shall obtain a satisfaction from some of them." See *Nannis Terpening & Assoc. v. Mark Smith Constr. Co.*, 171 Ga. App. 111 (318 SE2d 89) (1984). What is prohibited is not joint liability but double recovery.

The decision of this court in *Gilham v. Stamm & Co.*, 117 Ga. App. 846 (162 SE2d 248) (1968), is not authority for a different holding. There, a judgment was set aside with respect to the jointly sued individual defendant in an action on an account because the sworn, itemized statement of account attached to the complaint showed that the items billed on the account had been purchased by and delivered to the corporate defendant alone. In the present case, the copy of the statement of account which was before the court shows that the goods were received by Alton White & Associates, which was not designated as a corporation. Assuming that evidence could have been introduced indicating that this entity was in fact a corporation, such evidence was not appropriate for consideration on motion to set aside. See *Clements v. Trust Co. Bank*, 171 Ga. App. 600 (3) (320 SE2d 576) (1984).

2. Although the trial court erred in setting aside those portions of the judgment against White consisting of principal and interest, the court did not err in setting aside the award of $1,733 (10 percent of the alleged account indebtedness) as attorney fees. "The damages which may be awarded under [OCGA § 13-6-11] for bad faith, for being stubbornly litigious, or for causing the opposite party unnecessary trouble and expense may not, in an *ex contractu* case, include a mere refusal to pay a debt, whether or not the justice of the debt is acknowledged." *Jordan Bridge Co. v. I. S. Bailey, Jr., Inc.*, 164 Ga. App. 124, 125 (296 SE2d 107) (1982). The complaint in this case suggests no basis for an award of attorney fees other than the defendants' refusal to pay. Accordingly, the attorney fee portion of the judgment against White was properly set aside.

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JULY 10, 1986.

*Ralph G. McCallum, Jr.*, for appellant.
*William S. Dominy*, for appellee.