A89A0609. J & S PROPERTIES, INC. v. STERLING et al.
(384 SE2d 194)

BIRDSONG, Judge.

In this real estate commission dispute, the trial court, by summary judgment, released the appellees Sterling and Witcher from liability, upon the showing of appellant J & S Properties, Inc.'s "general release" of three other defendants.

The appellees' release was ordered by operation of law, under OCGA § 13-4-80, which provides: "A release may result by operation of law. When a creditor releases another who is bound jointly with or primarily to a debtor . . . a release results by operation of law."

The appellees Sterling and Witcher filed their motion for summary judgment following J & S Properties' voluntary dismissal of the three others from the lawsuit, and contended they were released by operation of law alone, and not because J & S Properties intended to release them, nor because J & S Properties recovered full satisfaction.

The appellees each owned one-third of the property sold, while the three others owned one-ninth each. The eight percent commission on the sale amounted to $42,000, but the owners disputed it because the purchaser was assertedly a "strawman" for or closely connected to, a party expressly excluded by the commission agreement. The sellers, including appellees, offered $23,000 in settlement of the dispute, by then in litigation. J & S Properties rejected this offer.

Thereafter, the appellees learned that appellant had entered into a "General Release" with the other three sellers, upon paying J & S Properties $11,666.67, or exactly one-third of the $35,000 which J & S Properties had requested as settlement. The release provided that appellant "does hereby acquit, remise, release and forever discharge [Hulse, Guined and Bucca] from any and all claims, demands, rights and causes of action related to the sale of the property. . . . [J & S Properties Inc. dismisses the described civil action] with prejudice as against the above named individual defendants. . . . This agreement constitutes an accord and satisfaction of any and all claims of J & S Properties, Inc. against the parties released herein. . . . [This sum, $11,666.67] is accepted voluntary [sic] for the purpose of making a full compromise, settlement and adjustment of all claims, demands, causes of action against [Hulse, Guined, and Bucca]. . . ."

The General Release does not mention or refer to any dispute causes of action against the appellees Sterling and Witcher in any way.

On appeal, J & S Properties contends the statute relied upon be-

low, OCGA § 13-4-80, is inapplicable to this case "because: (1) no creditor/debtor relationship has been established between appellant and appellees; (2) the Release was never intended to apply to appellees; and (3) the Release was not a full settlement but only an [apportionment] of damages based upon apportionment of ownership [of the property]." This apportionment allegedly contemplated the exclusion of the appellees from this release; the appellees Witcher and Sterling each owned one-third interest in the property, while the others owned one-third. The release amount was $11,666.67, or exactly one-third of a $35,000 settlement request made by J & S Properties to the owners. Thus, J & S Properties contend the release must be examined in pari materia with other documents and evidence, to discover the intention of the parties. See, cited *Menendez v. Perishable Distrib.*, 254 Ga. 300 (329 SE2d 149). *Held*:

The trial court did not err in the grant of summary judgment releasing the appellees by operation of law. The terms of OCGA § 13-4-80 are quite clear.

Obviously, J & S Properties cannot argue the statute does not apply because no creditor-debtor relationship has been established, inasmuch as its assertion to the contrary is the entire basis upon which J & S Properties seeks any money at all, by lawsuit and this appeal, from the appellees. As for the arguments that the "General Release" was not intended to release the appellees, and that the release was not a full settlement but was clearly a one-third apportionment of damages, the appellant relies upon *Georgia R. Bank &c. Co. v. Griffith*, 176 Ga. App. 198 (335 SE2d 417), to argue that the parties' intention controls in determining whether a document is a covenant not to sue or a release, wherein we pointed out (p. 199-200) that " '[w]here the right to sue has been reserved and the plaintiff has not received full satisfaction, the agreement will be construed to be a covenant not to sue because of the manifest intent of the parties' " (*Weems v. Freeman*, 234 Ga. 575, 576 (216 SE2d 774)).

In the case cited by the appellant, *Menendez*, supra, p. 302 with regard to the question of a full release, it was held that "contemporaneous documents" are to be considered in pari materia with a form release "so that the intentions of the parties may be ascertained and allowed to control." *Georgia Hwy. Express v. United Parcel Svc.*, 164 Ga. App. 674, 675 (297 SE2d 497). This is still the law, but in *Griffith*, a total release was not found because the defendants did not receive full satisfaction "of their *judgment*" (emphasis supplied) as a result of their agreement with one party, and the release document expressly retained the right to pursue a recovery against other parties. Clearly that document was a "covenant not to sue" (enforce *judgment*) which did not release the joint obligor.

This case is different on its face, and provides no reason or basis

to ignore the terms of § 13-4-80. There is no basis in "contemporaneous documents" or any other evidence from which to infer that J & S Properties did *not* receive full satisfaction of any indebtedness. There is only a heavily contested lawsuit on a disputed debt. We cannot assume J & S Properties was entitled to recover or enforce any further indebtedness beyond what was paid to it by the other three sellers in "general release." (Indeed, J & S Properties, ironically, on appeal in its effort to avoid § 13-4-80, argues there is no debtor-creditor relationship between it and the appellees.)

The fact that the amount received from the others ($11,666.67) is exactly one-third of $35,000, which is the amount J & S Properties sought in settlement of its disputed claim, does not prove an apportionment of actual debt. All it proves is the payment of one-third of an amount sought in settlement of a claim. Even if on motion for summary judgment it is construed to prove an "apportionment" of liability, it was so only in the mind of J & S Properties, for in the appellees' esteem it not only was not deserved but disputed. In fact, liability on the sellers' part may not exist at all, notwithstanding the payment of three of them of $11,666.67 for the General Release.

It cannot be concluded from these facts, including the fact that the sellers had once offered to pay $23,000 in settlement, that this release was not in full settlement of all liability or indebtedness following the presumption underlying § 13-4-80. The General Release states only that it releases any and all claims against the three named individuals who paid appellant $11,666.67. It makes no mention at all of the appellees, and neither expresses nor implies any intention whatever to pursue any further claim against the appellees. As to them, and any claim against them, the document is utterly silent.

Construing the evidence in favor of J & S Properties, as respondent in motion for summary judgment, we yet find no genuine issue of material fact has been raised so as to avoid the appellee's entitlement to release by operation of law under § 13-4-80. Searching for a contrary intention, based "on the terms of the instrument" (*Griffith*, supra, p. 199; *Mercantile Nat. Bank v. Founders Life &c. Co.*, 236 Ga. 71, 73 (222 SE2d 368)) and other evidence, we find none, expressed or implied, that defeats the release by operation of law. We would think, in any case, that in view of the very existence and the strictness of the code section, any such contrary intention must be made pretty clear, as it was in the *Griffith* case.

*Judgment affirmed. Deen, P. J., and Benham, J., concur and also concur specially.*

BENHAM, Judge, concurring specially.

Although I concur fully with the majority opinion, I am compelled to write separately to comment on the contrast between the

effect of releasing one of several contractually liable joint obligors and that of releasing one of several joint tortfeasors. In *Posey v. Med. Center-West*, 257 Ga. 55 (354 SE2d 417) (1987), the Supreme Court traced the common law origin of the rule that release of one joint tortfeasor releases all, then held that the rule would no longer be followed in Georgia. The essential difference between *Posey* and the present case is that *Posey* dealt with a common law rule, susceptible to alteration by the courts, while we are dealing with a statutory rule, susceptible to alteration only by the General Assembly. If the legislature were to repeal OCGA § 13-4-80, the anomalous treatment of different classes of defendants (the contractually obligated versus those liable in tort) would be eliminated. Justice would be the beneficiary of that change.

I am authorized to state that Presiding Judge Deen joins in this opinion.

DECIDED JUNE 19, 1989 —
REHEARING DENIED JULY 10, 1989 —

*Ronald J. Doeve, James E. Tramel III*, for appellant.
*Zoe M. Hicks*, for appellees.