A92A1432. MATHIS et al. v. MELAVER, INC.
A92A1433. MATHIS et al. v. MF PROPERTIES, INC.
(425 SE2d 401)

BIRDSONG, Presiding Judge.
   Anthony D. and Susan Mathis were granted interlocutory appeals from the trial court's orders denying their motions to enforce consent judgments in these actions. The Mathises bought two video stores from John and Virginia Ward and received assignments of the Wards' leases for the stores with Melaver, Inc., and MF Properties, Inc. (appellees), the lessors.
   After operating the video stores for some time, the Mathises abandoned the premises, and appellees sued Mr. and Mrs. Mathis and Mr. and Mrs. Ward for breach of each lease. The complaint alleged that the Mathises and the Wards were jointly and severally liable on both leases, and each complaint sought past due rent, late fees, charges and accrued interest as of the filing of the complaint, unpaid rentals and additional charges accruing after the filing of the complaints, interest, and attorney fees.
   Subsequently, appellees reached negotiated consent judgments and orders with the Mathises in both cases. Each consent judgment and order identified only the Mathises as the "defendants" and neither document referred to the Wards. Further, after specifying the full amount of the judgments awarded, each consent judgment and order provided: "Defendants shall satisfy this judgment in full by paying [a certain sum in three equal payments on or before dates specified]." The consent judgment and order in the MF Properties' complaint, after stating the dates on which payment was to be made, also stated: "respectively, pursuant to the consent judgment and order taken contemporaneously herewith in the [Melaver complaint]." Each consent judgment and order also stated that the appellees "shall not institute any action to foreclose or to collect [either] judgment so long as defendants comply with the foregoing payment schedule.

Time being of the essence, if defendants are delinquent in making any of the above scheduled payments, the entire amount of [both] judgment[s], i.e. [the full amount awarded] shall at once become due and payable."

Although there is no dispute that the Mathises made full and timely payments in accordance with both consent judgments and orders, appellees subsequently attempted to collect from the Wards the difference between the compromised amount paid by the Mathises in satisfaction of the consent judgments and orders and the total amount awarded in the consent judgments and orders. When the Wards filed a cross-claim against the Mathises under a hold harmless agreement between them in the contract for purchasing the video stores, the Mathises moved to enforce the consent judgments and orders so that appellees would be required to cease their efforts against the Wards. The trial court, however, denied the motions because it found that the consent judgments and orders were only between the Mathises and appellees, and thus would not prohibit an action by appellees against the Wards. After our grant of an interlocutory appeal, this appeal followed. *Held*:

The issue here is whether appellees can be awarded, by agreement, the full amount of a judgment against co-defendants, compromise the award with one set of co-defendants, and yet attempt to collect the difference between the compromise amount and the full amount of the judgment from the other co-defendants. We hold they cannot. Appellees are not authorized to receive a double recovery for the same injury from the Mathises and the Wards. See *Olden Camera &c. Co. v. White*, 179 Ga. App. 728, 729 (347 SE2d 696). Although appellees are allowed to seek a judgment against the co-defendants (OCGA § 9-2-4), they cannot do so when the result would be to allow them to collect twice for the same breach of the lease. Here, appellees agreed to satisfy the *full* amount of their judgments for the breach of these leases by accepting a compromise amount from the Mathises. Therefore, the issue is not whether the Wards are parties to the agreements, but whether appellees are entitled to recover from the Wards for an award they already compromised with the Mathises. We hold that they are not allowed to seek recovery for the same damages from the Wards. *McLendon Bros. v. Finch*, 2 Ga. App. 421, 428 (58 SE 690). Therefore, we find that the consent judgment operated to release the Wards from any liability. OCGA § 13-4-80; *J & S Properties v. Sterling*, 192 Ga. App. 181, 183-184 (384 SE2d 194).

Appellees' reliance on authorities construing releases in tort cases after our Supreme Court's decision in *Posey v. Medical Center-West*, 257 Ga. 55 (354 SE2d 417) is misplaced for the reasons stated in Justice Benham's special concurrence in *J & S Properties v. Sterling*, supra at 183-184. Further, neither *Payne v. Jones & Kolb*, 190 Ga.

App. 62 (378 SE2d 467), *Georgia R. Bank &c. Co. v. Griffith*, 176 Ga. App. 198, 199 (335 SE2d 417), nor the other cases in which the parties specifically stated the consent judgments or releases were not to apply to all the parties in litigation are persuasive. For example, in *Payne v. Jones & Kolb*, supra at 63, the release provided it could not be used to release the other party of the claims against him. Moreover, *Payne v. Jones & Kolb*, supra at 63-64 quoting *Rowland v. Vickers*, 233 Ga. 67, 68 (209 SE2d 592) acknowledged the circumstances in which appellees find themselves: " 'The second defendant may be able to prove full satisfaction . . . by the first defendant, but that is a question of fact that cannot be resolved unless the evidence submitted clearly and unequivocally shows full satisfaction by the first defendant.' " Here, the evidence clearly and unequivocally shows full satisfaction by the Mathises because the consent judgment, prepared by appellees, recites that the Mathises "could satisfy the judgment in full" by paying the sum specified in the consent judgment in accordance with its terms, and appellees admit that the Mathises made the payments as required.

Accordingly, the trial court's judgment denying enforcement of the consent decrees must be reversed and these appeals remanded to the trial court with direction that the motions to enforce the consent decrees be granted and the actions against the Wards dismissed.

*Judgments reversed with direction. Andrews, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

Although I do not agree that the lessor is attempting to recover twice, but rather only the full amount of the amount generated by breach of the lease, I do agree that the consent judgment against the two original lessees released the two assignment lessees from liability, as a matter of law. OCGA § 13-4-80; *J & S Properties v. Sterling*, 192 Ga. App. 181 (384 SE2d 194) (1989). By the terms of the judgment, it is not merely a covenant not to sue.

DECIDED NOVEMBER 20, 1992.

*Ronald J. Doeve*, for appellants.
*Buchsbaum & Lowe, Alan S. Lowe, Charles D. Gatch*, for appellees.