## A93A0004. GREEN v. THOMPSON.
(431 SE2d 390)

Judge John W. Sognier.

Seeking to recover for personal injuries allegedly sustained in a motor vehicle mishap, appellant-plaintiff initiated separate lawsuits against each of two drivers. In the instant action it was alleged that appellee-defendant and the other driver were racing and that, acting in concert, they drove appellant's vehicle off the road. Appellee denied the material allegations of the complaint and defended on the basis that the other driver's negligence was the cause of any injury sustained by appellant. After discovery, appellee moved for summary judgment on the basis that, as a result of the separate suit against the other driver, appellant had obtained a verdict in his favor and that the judgment rendered on that verdict had been satisfied. The trial court granted appellee's motion and appellant appeals from that judgment.

In support of his motion for summary judgment, appellee introduced the complaint, judgment, and the acknowledgment of satisfaction of that judgment, from the prior action brought by appellant against the other driver, in which appellant recovered for the same injuries for which he now seeks to hold appellee liable. "The trial

court was correct in concluding that the [prior] judgment was conclusive and binding upon [appellant as to the amount of his damages], even though, strictly speaking, [appellee] was not in privity with the [defendant] in that action. The modern trend in applying the [doctrine] of . . . collateral estoppel [or issue preclusion] is to confine the privity requirement to the party against whom the plea is asserted, so as to permit one who is not a party to the judgment to assert the judgment against a party who is bound by it, and thus to preclude relitigation by that party of issues which have been determined adversely to him in the prior action, even though if the issue had been decided in his favor in the prior action, he would not have been entitled to assert the prior adjudication in a subsequent action against a stranger to the judgment. [Cits.]" *Watts v. Lippitt*, 171 Ga. App. 578, 579 (320 SE2d 581) (1984). See also *Jordan Trucking v. Wiley*, 199 Ga. App. 635, 636 (2) (405 SE2d 734) (1991). "A plaintiff may pursue any number of consistent or inconsistent remedies against the same person or different persons until he shall obtain a satisfaction from some of them." OCGA § 9-2-4. This section prohibits double recovery. *Olden Camera & Lens Co. v. White*, 179 Ga. App. 728, 729 (1) (347 SE2d 696) (1986). Satisfaction of the prior judgment extinguished appellant's cause of action for any injuries received from the motor vehicle incident. *McLendon Bros. v. Finch*, 2 Ga. App. 421, 422 (3a), 426-427 (3) (58 SE 690) (1907) (decided under former Civil Code § 4945). The trial court correctly granted appellee's motion for summary judgment.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED APRIL 14, 1993 —
RECONSIDERATION DENIED MAY 6, 1993

*Allen W. Johnson*, for appellant.
*Dye, Tucker, Everitt, Wheale & Long, Benjamin H. Brewton*, for appellee.