A97A2352. CANDLER HOSPITAL, INC. v. DENT et al.
(491 SE2d 868)

ELDRIDGE, Judge.

Ruth Dent, individually, and Kim Birge, as administrator of the Estate of William H. Dent, deceased, brought a malpractice action against Candler Hospital, Inc., for the wrongful death, pain and suffering, medical expenses, funeral and other expenses of the deceased. They attached an appropriate expert affidavit to the complaint. Candler Hospital, Inc., defendant-appellant, timely answered. In the consolidated pre-trial order entered by the parties and trial court, the defendant indicated that it would file "a Motion in Limine with regard to the hospital bill from Candler Hospital, Inc. to exclude the $69,955 contractual adjustment which represents the amount of the Candler Hospital bill that was not paid by Medicare and a motion for attorney fees and expenses." On March 13, 1997, defendant filed its motion in limine to exclude its write-off of the medical expenses not paid by Medicare, on the grounds that such write-off of the unpaid hospital bill was not a collateral source. The trial court denied the defendant's motion in limine, finding that the write-off was a collateral source and granted a certificate of immediate review. Notice of appeal was filed on July 1, 1997, after we granted discretionary appeal on June 26, 1997.

Candler Hospital, Inc.'s sole enumeration of error is that the trial court erred in denying its motion in limine. We do not agree.

The common law rule in Georgia bars the defendant from presenting any evidence as to payments of medical, hospital, disability income, or other expenses of a tortious injury paid for by a plaintiff, governmental entity, or third party and taking credit towards the defendant's liability in damages for such payments, because a tortfeasor is not allowed to benefit by its wrongful conduct or mitigate its liability by collateral sources provided by others. Cincinnati &c. Co. v. Hilley, 121 Ga. App. 196, 201 (173 SE2d 242) (1970). The common law rule made no exceptions for the introduction of evidence as to a collateral source, which rule remains applicable today. McDonald v. Simmons, 207 Ga. App. 692 (428 SE2d 690) (1993). The General Assembly sought to modify the common law rule, not to prevent recovery for all tort damages, but to inform the jury that the

plaintiff had already received such economic benefits for whatever purpose that the jury sought to use such information, i.e., "poison the jury's minds." The Supreme Court of Georgia struck OCGA § 51-12-1 (b) down as unconstitutional. *Denton v. Con-Way Southern Express*, 261 Ga. 41 (402 SE2d 269) (1991), overruled on other grounds, *Grissom v. Gleason*, 262 Ga. 374 (418 SE2d 27) (1992).

The trial court did not err in denying defendant's motion in limine. The plaintiff can prove all damages, argue, itemize on a blackboard, and receive a charge on the recovery of such damages undiminished by any amount written off by the defendant.

However, in the event that the plaintiff recovers a special verdict that awards damages for medical expenses previously written off by the defendant, the defendant is entitled to a set-off or credit against the specific award of medical expenses in the verdict prior to the entry of the judgment in the amount of any write-off that the defendant made to the total medical expenses. If the jury makes no award of medical expenses as damages or there is a general verdict, then it would not be ascertainable whether such special damages for medical expenses were awarded and the defendant would not be entitled to a set-off against a general verdict for damages.

Georgia, as part of its common law and public policy, has always prohibited a plaintiff from a double recovery of damages; the plaintiff is entitled to only one recovery and satisfaction of damages, because such recovery and satisfaction is deemed to make the plaintiff whole. Where damages are special and ascertainable and the defendant or its privies, indemnitor, or insurers have paid the medical expenses prior to judgment, in whole or in part, a set-off against such special damages, specifically identified and awarded in the verdict, is mandated to prevent a double recovery. OCGA §§ 9-2-4; 51-12-4; *Ford Motor Co. v. Lee*, 237 Ga. 554, 556 (229 SE2d 379) (1976); *Southern R. Co. v. Jordan*, 129 Ga. 665 (2) (59 SE 802) (1907); see also *Rampell v. Williams*, 217 Ga. App. 292, 294 (2) (457 SE2d 224) (1995); *Green v. Thompson*, 208 Ga. App. 609, 610 (431 SE2d 390) (1993); *Mathis v. Melaver, Inc.*, 206 Ga. App. 392, 394 (425 SE2d 401) (1992); *Olden Camera & Lens Co. v. White*, 179 Ga. App. 728, 729 (1) (347 SE2d 696) (1986); *Gilmore v. Fulton-DeKalb Hosp. Auth.*, 132 Ga. App. 879, 881-882 (209 SE2d 676) (1974); *McLendon Bros. v. Finch*, 2 Ga. App. 421, 422 (3) (a), 426-427 (58 SE 690) (1907).[1] "An injured person can have but one satisfaction for his injuries; and therefore the amount paid by the tortfeasor . . . will be regarded as a satisfaction pro tanto as to the joint tortfeasors." (Citation and punctuation omitted.)

---

[1] The foregoing cases illustrate the diversity of ways that the issue of "double recovery" can arise, as well as the consistency of the law, as to all cases under any theory, in prohibiting anything that exceeds a full and complete satisfaction of a single injury.

*Atlantic Coast Line R. Co. v. Ouzts*, 82 Ga. App. 36, 59 (60 SE2d 770) (1950). Thus, plaintiff can recover from the jury all special damages provable, but cannot receive in judgment again what has already been paid by the defendant or on the defendant's behalf by an insurer.

Neither party shall divulge to the jury the legal duty of the trial court to set-off against any special award of such special damages for medical expenses in the verdict such specific amount, because such is a legal matter for the trial court, is outside the province of the jury, is irrelevant and immaterial to the determination of damages or any other issue at trial, and would be highly prejudicial to both the plaintiff as a prior recovery of damages, which is prohibited under OCGA § 51-12-1 (b), and the defense as a possible admission of liability.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED SEPTEMBER 8, 1997.

*Oliver, Maner & Gray, William P. Franklin, Jr., Patricia T. Paul*, for appellant.
*Ronald C. Berry*, for appellees.