A03A0852, A03A0853. EMPIRE FIRE & MARINE INSURANCE COMPANY v. DRISKELL et al.; and vice versa.

(592 SE2d 80)

RUFFIN, Presiding Judge.

This insurance dispute is before us for a third time.[1] In June 2002, Christine Harris and the estate of Edmund Harris ("the Harrises") proceeded to trial against Empire Fire & Marine Insurance Company ("Empire") for breach of the duty to defend and breach of the duty to settle. The jury found for the Harrises on both claims, awarding $9,000 for failure to defend and $6,480,000 for failure to settle. Following the verdict, the trial court entered judgment against Empire for the stated amounts.

In Case No. A03A0852, Empire appeals the verdict relating to breach of the duty to settle. It does not challenge the $9,000 award for failure to defend. The Harrises cross-appeal in Case No. A03A0853, arguing that the trial court erred in directing a verdict on their punitive damages claim. For reasons that follow, we reverse the judgment entered on the failure to settle claim, but affirm the trial court's grant of a directed verdict as to punitive damages.

### Case No. A03A0852

Our prior opinions detail the relevant facts in this case.[2] In October 1995, a vehicle owned by Metro Courier, Inc. and driven by a Metro employee collided with a vehicle occupied by the Harrises. At that time, Metro had a $1,000,000 liability insurance policy issued by Empire. Although the Metro vehicle involved in the collision was not listed as a "covered auto" in the policy, we determined in *Driskell*

---

[1] See *Empire Fire &c. Ins. Co. v. Driskell*, 262 Ga. App. 447 (585 SE2d 657) (2003); *Driskell v. Empire Fire &c. Ins. Co.*, 249 Ga. App. 56 (547 SE2d 360) (2001), cert. denied, 249 Ga. App. 903 (2001). We also addressed a related dispute in *Empire Fire &c. Ins. Co. v. Metro Courier Corp.*, 234 Ga. App. 670 (507 SE2d 525) (1998).

[2] See *Empire,* supra; *Driskell,* supra.

that an endorsement to the policy, known as "Form F," provided $200,000 in coverage.[3]

The Harrises sued Metro for injuries they sustained in the wreck. Metro asked Empire to provide a defense under the policy, but Empire refused. Empire also rejected the Harrises' offer to settle the lawsuit for $1,000,000. The case proceeded to arbitration, resulting in a $3,150,000 award. Pursuant to an agreement between Metro and the Harrises, Metro consented to entry of judgment on the award and assigned its rights against Empire to the Harrises. A $3,150,000 final judgment was subsequently entered for the Harrises.

The Harrises then sued Empire, alleging, among other things, that the insurance company breached its duty to defend Metro and refused, in bad faith, to settle the case within the policy limits.[4] The trial court granted summary judgment to Empire on the failure to defend allegation, but denied the insurer's motion for summary judgment on the failure to settle claim.[5] Both parties appealed, and we determined that a question of fact remained as to the Harrises' duty to defend claim.[6] A jury question also remained as to whether Empire should have paid or settled at least a portion of the underlying judgment in accordance with the Form F endorsement.[7]

We further found, however, that Empire was entitled to partial summary judgment on the issue of recoverable damages for the failure to settle claim.[8] Specifically, we agreed with Empire that "under the facts of this case there [was] no basis for the Harrises to recover the entire amount of the judgment [against Metro] from Empire as damages for this breach of duty."[9] To support our conclusion, we noted that the Harrises never offered to settle their claim within the $200,000 limits of the Form F endorsement.[10] Instead, they demanded $1,000,000.

After remand, the parties tried the failure to defend and failure to settle claims before a jury, which returned a verdict for the Harrises on both claims. Empire appeals, challenging only the verdict and resulting judgment for bad faith failure to settle.

1. Empire argues that the trial court erred in allowing the Harrises to recover more than $200,000 in damages on the failure to settle claim. We agree.

---

[3] See *Driskell*, supra at 58.

[4] Mr. Harris died during the pendency of this litigation, and the administratrix of his estate was substituted as a party plaintiff.

[5] See id. at 58-59.

[6] See id. at 61-62 (3).

[7] See id. at 63 (4).

[8] See id. at 62.

[9] Id. at 63.

[10] See id.

As noted above, we determined in *Driskell* that Empire was entitled to summary judgment regarding recoverable damages on this claim. Because the Harrises did not offer to settle the case within the applicable $200,000 policy limits, we rejected the notion that the potential damages extended to the entire judgment entered against Metro. Under any reasonable reading of our decision, we found that the Harrises could recover no more than $200,000 in damages on the failure to settle claim.[11] That ruling is binding in this case and cannot be relitigated.[12]

On appeal, the Harrises contend that the *Driskell* opinion granted Empire partial summary judgment as to damages on their fraud and misrepresentation claims, not the bad faith failure to settle claim. In Division 4 of our opinion, however, we clearly determined that Empire was entitled to "partial summary judgment on the issue of recoverable damages" relating to "the Harrises' claim against it for failure to settle the case."[13] Any assertion that this holding applies to some other claim lacks merit.

The Harrises further argue that their damages cannot be limited to $200,000 because "[a] claim for compensatory damages for the insurer's bad faith failure to settle is by nature a claim for amounts *in excess of* the $200,000 applicable policy limit."[14] Again, however, the Harrises cannot relitigate this issue, which was resolved against them in the prior appeal.[15] We are similarly bound by our previous opinion.[16]

Given our decision in *Driskell*, the trial court erred in permitting the jury to award more than $200,000 to the Harrises for bad faith failure to settle. Accordingly, we must reverse the trial court's entry of judgment for $6,480,000 on the failure to settle claim and remand with direction that the trial court enter judgment on this claim in the amount of $200,000. We further note that, prior to trial, Empire paid the Harrises $200,000 plus interest. Thus, the Harrises have received payment of the $200,000 policy limits, the amount of damages permitted for this claim under *Driskell*. We can see no basis for further recovery on the failure to settle claim.[17]

---

[11] See id. at 62-63.

[12] See *Empire*, supra; OCGA § 9-11-60 (h).

[13] *Driskell*, supra at 62.

[14] (Emphasis in original.)

[15] See OCGA § 9-11-60 (h).

[16] See id. The Harrises do not argue that a change in the evidentiary posture of the case permits relitigation of this issue. See *Brown v. Piggly Wiggly Southern*, 228 Ga. App. 629 (1) (493 SE2d 196) (1997) ("'An exception to the rule that will permit issues to be relitigated after appeal is when the evidentiary posture of the case changes.'").

[17] Indeed, any additional compensation would constitute an impermissible double recovery. See *Woodhull Corp. v. Saibaba Corp.*, 234 Ga. App. 707, 712-713 (2) (507 SE2d 493) (1998) ("Where, for the same damages, there exists an action in contract and tort, i.e., fraud,

2. Empire's remaining enumerations of error are moot.

### Case No. A03A0853

3. In this appeal, the Harrises challenge the trial court's order directing a verdict for Empire on their punitive damages claim. We find no error.

At trial, the Harrises only pursued claims against Empire as assignees of Metro. They did not prosecute any individual claims. And, as noted by our Supreme Court, "[a] claim for punitive damages has efficacy only if there is a valid claim for actual damages to which it could attach. Punitive damages may not be recovered where there is no entitlement to compensatory damages."[18] Thus, the Harrises' sole basis for recovering punitive damages in this case would be as assignees of Metro.

Under Georgia law, however, the right to punitive damages cannot be assigned.[19] The Harrises acknowledge this authority on appeal. Nevertheless, they argue that they can seek punitive damages here because any plaintiff, even an assignee, "who has the right to recover compensatory damages for an intentional tort, can also recover additional damages pursuant to the punitive damage statute." We disagree.

Without dispute, the Harrises only proceeded at trial as assignees of Metro. Any compensatory recovery, therefore, was based on the assigned claims, and any award of punitive damages must attach to those Metro claims. Under these circumstances, we cannot discern how the Harrises, as Metro assignees, could possibly recover punitive damages arising from the Metro claims. To find otherwise would require us to ignore Georgia law prohibiting assignment of punitive damage claims.[20] Accordingly, the trial court properly directed a verdict for Empire on the Harrises' punitive damage allegations.

*Judgment reversed and case remanded with direction in Case No. A03A0852. Judgment affirmed in Case No. A03A0853. Smith, C. J., and Miller, J., concur.*

---

the plaintiff must elect between the causes of action and cannot recover in both."); *Candler Hosp. v. Dent,* 228 Ga. App. 421, 422 (491 SE2d 868) (1997) ("Georgia, as part of its common law and public policy, has always prohibited a plaintiff from a double recovery of damages; the plaintiff is entitled to only one recovery and satisfaction of damages, because such recovery and satisfaction is deemed to make the plaintiff whole.").

[18] (Punctuation omitted.) *Southern Gen. Ins. Co. v. Holt,* 262 Ga. 267, 270 (2) (416 SE2d 274) (1992).

[19] See *In re Estate of Sims,* 259 Ga. App. 786, 791, n. 2 (578 SE2d 498) (2003); *Southern R. Co. v. Malone Freight Lines,* 174 Ga. App. 405, 408-409 (1) (330 SE2d 371) (1985).

[20] See *Southern R. Co.,* supra; *In re Estate of Sims,* supra.

DECIDED OCTOBER 24, 2003 —
RECONSIDERATIONS DENIED DECEMBER 12, 2003 —

*Gray, Hedrick & Edenfield, William E. Gray II, L. Bruce Hedrick, Jr.,* for appellant.

*Parks, Chesin, Walbert & Miller, David F. Walbert, Herald J. A. Alexander, Charles A. Mathis, Jr.,* for appellees.