## A00A2541. SMITH v. NASSERAZAD.
### (544 SE2d 186)

MILLER, Judge.

In a single deed to secure debt, Douglas T. Smith transferred to his mortgagees two separate lots, one lying wholly in DeKalb County and one lying wholly in Fulton County. A copy of the deed was recorded in each county. Smith defaulted on his debt, and the mortgagees foreclosed on both lots. Smith filed the instant petition to cancel a Deed After Foreclosure Under Power of Sale and for declaratory judgment, alleging that defendant Hooshang Nasserazad's purchase of the property located in Fulton County at a foreclosure conducted on the DeKalb County courthouse steps was invalid. Smith argued that he had filed a notice of appeal from the Fulton County Superior Court order authorizing the mortgagees (Nasserazad's grantors) to proceed with foreclosure and that the foreclosure was not conducted in the county where the property is located.

The superior court dismissed the petition, relying on a nonprecedential opinion of this Court in a related appeal between Smith and his mortgagees[1] to conclude that foreclosure was proper. In his sole enumeration of error, Smith contends the superior court erred in relying on our unpublished nonprecedential opinion to grant Nasserazad's motion to dismiss on the basis of collateral estoppel. We affirm.

1. Although Rule 36 cases are not binding on other courts, our unreported nonprecedential decisions are still binding on the parties, for they establish the law of the case as provided by OCGA § 9-11-60 (h).[2] Thus, the appellate record in a Rule 36 case, including the enumerations of error, may be used to prove collateral estoppel.

2. The modern trend in applying the doctrine of collateral estoppel or issue preclusion is to confine the privity requirement to the

---

[1] *Smith v. Levadi*, Case No. A00A0066, decided under Court of Appeals Rule 36, 243 Ga. App. XXII (April 26, 2000).

[2] Court of Appeals Rule 33 (b).

party against whom the plea is asserted, so as to permit one who is not a party to the judgment to assert the judgment against a party who is bound by it, and thus preclude relitigation by that party of issues which have been determined adversely to him in a prior action, even though if the issue had been decided in his favor in the prior action, he would not be entitled to assert the prior adjudication in a subsequent action against a stranger to the judgment.[3] Nevertheless, in *Wickliffe v. Wickliffe Co.*,[4] a majority of this Court overruled cases following this modern trend and adhered to the traditional rule as announced by the Supreme Court of Georgia,[5] that collateral estoppel requires an "identity of parties or their privies in both actions."[6]

In Case No. A00A0066, Smith raised the same grounds for reversal as he did in this complaint, namely that foreclosure on the Fulton County property at a knock-down proceeding in DeKalb County, pending an appeal of the Fulton County order allowing foreclosure to proceed, was improper. This contention was necessarily decided against Smith by this Court's judgment of affirmance. But Nasserazad was not a party to that case, in that he was not named and served, nor did he appear voluntarily. The question then becomes whether he is in privity with the mortgagees, who were parties to that appeal.

3. "The test of privity is to determine whether one has privity with another, not whether the other has privity with the one, and then assume that such privity is reciprocal."[7]

> Generally speaking, privies are those legally represented at trial. Privity connotes those who are in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right; and where this identity is found to exist, all are alike concluded and bound by the judgment.[8]

One party is the privy of another where there is a mutual or successive relationship to the same right.[9] So "a privy is one who, after the commencement of the action, has acquired an interest in the sub-

---

[3] *Green v. Thompson*, 208 Ga. App. 609, 610 (431 SE2d 390) (1993).

[4] 227 Ga. App. 432, 434 (1) (489 SE2d 153) (1997) (whole court).

[5] *Waldroup v. Greene County Hosp. Auth.*, 265 Ga. 864, 867 (2) (463 SE2d 5) (1995).

[6] *Green v. Thompson*, supra, being contrary to the subsequent whole court decision in *Wickliffe*, supra, can no longer be followed on this point.

[7] (Citation omitted.) *Gilmer v. Porterfield*, 233 Ga. 671, 674 (2) (212 SE2d 842) (1975).

[8] (Citations and punctuation omitted.) *Pinkard v. Morris*, 215 Ga. App. 297, 298 (1) (450 SE2d 330) (1994).

[9] *Smith v. Wood*, 115 Ga. App. 265, 268 (4) (154 SE2d 646) (1967).

ject matter affected by the judgment through or under one of the parties, as by inheritance, succession, purchase, or assignment."[10] Thus,

> [t]here is privity within the meaning of the doctrine[s] of res judicata [and collateral estoppel] where there is an identity of interest and privity in estate, so that a judgment is binding as to a subsequent grantee, transferee, lienor, or lessee of property.[11]

Here, Smith transferred his title in both lots to his mortgagees by security deed containing the power of sale. He tried unsuccessfully to block their foreclosure sale and that decision was affirmed by this Court. Subsequently, the mortgagees transferred title to Nasserazad under the Deed After Foreclosure Under Power of Sale that Smith now seeks to set aside on the basis that foreclosure was improper for the reasons rejected in Case No. A00A0066. Since the mortgagees granted Nasserazad their interests in the property affected by the judgment in Case No. A00A0066, subsequent to the commencement of that action, he is in privity of estate with Smith's mortgagees. Consequently, Nasserazad is entitled to raise collateral estoppel to bar Smith from relitigating the propriety of foreclosure.[12] The trial court correctly dismissed the instant complaint.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED JANUARY 3, 2001 — ▮▮▮▮▮▮▮▮▮

*Slater, King & Gross, Scott R. King*, for appellant.
*King & Croft, Terrence L. Croft*, for appellee.
*Morris & Witcher, Robert P. Witcher, Joseph H. King, Jr.*, amici curiae.

---

[10] (Footnotes omitted.) 47 AmJur2d 87, Judgments, § 663 (1995).
[11] (Footnotes omitted.) Id. at pp. 87-89. Accord *Morris v. Murphey & Co.*, 95 Ga. 307, 309 (1) (22 SE 635) (1895) (every person is a privy to a judgment whose succession to the rights of property thereby affected, coming through one or other of the parties, occurred subsequent to the commencement of the suit).
[12] See, e.g., *Morris v. Ga. Power Co.*, 65 Ga. App. 180, 188-189 (1) (15 SE2d 730) (1941).