S03A1738. MORETON ROLLESTON, JR., LIVING TRUST
v. KENNEDY et al.
(591 SE2d 834)

CARLEY, Justice.

In 1995, the Estate of Sims (Estate) obtained a $5,200,000 judgment in a legal malpractice action against Moreton Rolleston, Jr. (Rolleston). *Rolleston v. Cherry*, 226 Ga. App. 750 (487 SE2d 354) (1997). Prior to entry of that judgment, Rolleston transferred all of his assets, including a beach cottage on Sea Island, to the Moreton Rolleston, Jr., Living Trust (Trust). In a subsequent suit, the trial court set aside those conveyances as fraudulent and awarded over $4.1 million in damages. *Rolleston v. Estate of Sims*, 253 Ga. App. 182 (558 SE2d 411) (2002); *Rolleston v. Cherry*, 237 Ga. App. 733 (521 SE2d 1) (1999). The Estate levied on the Sea Island property and acquired title at the Sheriff's sale. Rolleston filed a series of lawsuits against the Estate and the Sheriff, and threatened prospective purchasers with further litigation. Pursuant to OCGA § 23-3-110, the trial court granted a bill of peace and perpetually enjoined Rolleston and any entity which he owns or controls from claiming an adverse

interest in the property or filing any lawsuit in the jurisdiction of the trial court without its prior written approval. The perpetual injunction also provided that, without such approval attached to the complaint, the trial court would summarily dismiss the action. On November 25, 2002, we affirmed this order without opinion. *Rolleston v. Cherry*, 275 Ga. XXV.

Gayle England Kennedy purchased the Sea Island cottage from the Estate. The Trust filed this action against her and Trust Company of Georgia, alleging that the Estate never obtained title to the property because the writ of fi. fa. was erroneously directed to Rolleston individually instead of the Trust. The trial court summarily dismissed the complaint with prejudice, and further found that none of the Trust's claims has merit and that, for the reasons stated in the motion and the answer and defenses of Ms. Kennedy, the Trust is not entitled to any relief. The Trust appeals.

> (a) It being the interest of this state that there shall be an end of litigation, equity will entertain a bill of peace: (1) To confirm some right which has been previously satisfactorily established by more than one legal trial and is likely to be litigated again; (2) To avoid a multiplicity of actions by establishing a right, in favor of or against several persons, which is likely to be the subject of legal controversy; or (3) In other similar cases. (b) As ancillary to this jurisdiction, equity will grant perpetual injunctions.

OCGA § 23-3-110. Prevention " 'of vexatious, oppressive and ruinous litigation is a frequent cause for the exercise of equity jurisdiction, and injunctions to restrain a multiplicity of suits in such cases are not only permitted, but favored, by the courts.' [Cit.]" *Allstate Ins. Co. v. Hill*, 218 Ga. 430, 434 (2) (128 SE2d 321) (1962). See also *Howard v. Sharpe*, 266 Ga. 771, 772 (1) (470 SE2d 678) (1996) (requiring prior approval for filing any lawsuits was a reasonable restriction); *Smith v. Adamson*, 226 Ga. App. 698, 700 (3) (487 SE2d 386) (1997) (limitations on ability to file lawsuits, including prior court approval, did not totally deprive the litigant of meaningful access to the courts and was reasonable under the circumstances). Compare *In re Lawsuits of Carter*, 235 Ga. App. 551 (510 SE2d 91) (1998).

We concluded that the trial court correctly applied these principles when we affirmed the bill of peace and perpetual injunction without opinion. Such affirmance has "no precedential value." Supreme Court Rule 59. However, "our unreported nonprecedential decisions are still binding on the parties, for they establish the law of the case as provided by OCGA § 9-11-60 (h)." *Smith v. Nasserazad*, 247 Ga. App. 457 (1) (544 SE2d 186) (2001). Thus, the bill of peace

and perpetual injunction is binding on Rolleston and those in privity with him, including the Trust, and they are collaterally estopped from relitigating the propriety of that order in a suit against the Estate or its privies, including Ms. Kennedy. *Smith v. Nasserazad*, supra at 457-459 (2), (3). Nor can the Trust relitigate Rolleston's or its own interest in the Sea Island property.

Since the Trust's complaint did not have prior written court approval attached and it involved a claim of an adverse interest in the property by the Trust, an entity owned and controlled by Rolleston, the trial court's summary dismissal of the complaint was correct based either on the bill of peace and perpetual injunction or the prior judicial determinations of Rolleston's and the Trust's claims to the property. See *Smith v. Nasserazad*, supra at 459 (3). Contrary to the Trust's further contention, the trial court's dismissal properly applied to the entire complaint, and no claim remains against any alleged privy of Ms. Kennedy, including Trust Company of Georgia and its successor SunTrust.

Although neither appellee has moved this Court to impose a penalty for frivolous appeal, we have the authority to do so on our motion pursuant to Supreme Court Rule 6. Accordingly, the maximum penalty of $2,500 is hereby imposed against Rolleston and the Trust.

*Judgment affirmed and penalty imposed. All the Justices concur.*

DECIDED JANUARY 12, 2004 —
RECONSIDERATION DENIED JANUARY 30, 2004.

*Moreton Rolleston, Jr.*, pro se.

*Arnall, Golden & Gregory, James A. Gober, McCalla, Raymer, Padrick, Cobb, Nichols & Clark, Scott H. Michalove, Peter L. Lublin, Matthew W. Dominick*, for appellees.

