S12A2052, S12A2054, S12A2055. WHITE v. CALL et al.
(three cases).
(738 SE2d 617)

MELTON, Justice.

This is the second appearance of this case before this Court. In *Sotter v. Stephens*, 291 Ga. 79 (727 SE2d 484) (2012), we determined that Robert Emory White (Robert), Myron James White (Myron), and

Gary Gerrard, Robert's attorney, were entitled to a writ of mandamus requiring the trial court to allow them to file notices of appeal in this heavily-litigated case regarding the administration of the estates of Robert L. White and Florence L. White, who were once married. This appeal is the result of the grant of that mandamus relief.

The extensive underlying facts of this matter may be found in our prior opinion. For purposes of the present matter, there is one central question to be determined: whether the trial court correctly found that the proceeds from the sale of certain real property held by a trust created by Robert L. White should be distributed wholly to Marvin Terry White (Terry).[1] For the reasons set forth below, we affirm.

The relevant facts show that, on December 18, 1947, Robert L. White executed and delivered a deed of gift (the Trust), naming his wife, Florence, "as trustee of Robert Emory White, Maria Sheron White and Myron James White, the children of the said donor and of the said trustee." While these children were alive at the time that the Trust was created, Terry was born after the deed of trust was delivered. With regard to the real property held as corpus, the Trust directs Florence, as trustee, to sell the property at a certain point and

> divide the proceeds of such sale or sales equally among herself and the surviving children of the donee or trustee, PROVIDED that the Trustee shall not have remarried. In the event that the Trustee shall have remarried, then she shall sell said property . . . and divide all of the proceeds received therefrom equally between the surviving child or children of donor and Trustee.

It is undisputed that Florence remarried on July 15, 1967. After Robert L. White's death in 1969, all three of the oldest siblings executed a joint affidavit, dated March 28, 1979, in which each swore that, "Florence L. White as trustee [of the subject Trust] has settled the Trust to the satisfaction of the affiant(s)" and that they "had no further claims against Florence L. White as Trustee by virtue of provisions of the above referenced trust indenture." Terry did not sign that affidavit. Florence died intestate on January 5, 1999. Ultimately, Cynthia E. Call was appointed successor administrator of Florence's estate, and Call filed a suit requesting that she be appointed as successor trustee of the Trust, and that she be given authority to sell the real property remaining in the Trust free of all claims. The trial court appointed Call and approved the sale, which later occurred.

---

[1] Terry has special needs and is represented by a guardian ad litem.

Thereafter, Call filed a motion in the trial court in which she asked for a determination that the Trust had been fulfilled and a determination as to whom the Trust property should be distributed. The trial court determined that, following the sale of the real property, the Trust had been fulfilled and that Terry was entitled to all of the proceeds, as the other three children had previously waived any further interest in the Trust.

Through various arguments in these related appeals, Robert and Myron take issue with this ruling, contending, in essence, that Call violated her fiduciary duties by asking the trial court to ratify the distribution of any Trust property to Terry and that, by doing so, the trial court misinterpreted the Trust. An analysis of the facts of this case and the language of the Trust indicate that the trial court did not err.

These facts are clear: (1) Florence remarried; (2) Robert, Myron, and Maria unequivocally waived any interest in the Trust as of March 28, 1979; and (3) the Trust requires distribution of its proceeds to "the surviving child or children" of Robert L. White and Florence. The ramification of these facts is clear — the proceeds of the sale of Trust property must be distributed to Terry as the sole surviving child of Robert and Florence who had not waived any interest in the Trust.

> [I]t has long been recognized in this State that [t]here can be no doubt that real estate can be conveyed in trust . . . so as to let in after-born children as well as those in esse. . . . [I]n cases of grants or devises to trustees for the benefit of A and her children, the real question is whether the intention of the grantor, as shown by the instrument, is broad enough to clearly include after-born children. Where a grant or a devise is made to a trustee, and it is specifically provided that the trustee is to hold for the benefit of children born and to be born, there seems to be no doubt that the trustee is entitled to hold and does hold, not only for the benefit of children in life at the time the grant or devise becomes effective, but for the benefit of any children who might thereafter be born.

(Citations and punctuation omitted.) *Singer v. First Nat. Bank & Trust Co.*, 195 Ga. 269, 273 (24 SE2d 47) (1943).

Robert and Myron contend, nonetheless, that, because the Trust refers only to three named children at certain points and the surviving children at others with the use of different articles of speech, the Trust evinces an unequivocal intent by Robert L. White that only his three older children take under the Trust. It does not. Therefore, we

find that the trial court did not err in determining that the Trust's purpose has been fulfilled and that the proceeds from the sale of certain real property held by the Trust should be transferred to Terry. With regard to any remaining claims,[2] we also find no error in the trial court's rulings.

*Judgments affirmed. All the Justices concur.*

DECIDED FEBRUARY 18, 2013 —
RECONSIDERATION DENIED MARCH 18, 2013.

*Susanne F. Burton*, for Myron J. White.
*M. Katherine Durant, Gary Gerrard*, for Robert E. White.
*Cynthia E. Call, J. Hue Henry, Regina M. Quick*, for appellees.
*Gaslowitz Frankel, Craig M. Frankel*, amicus curiae.

---

[2] One such claim brought by Robert and his attorney, Gary Gerrard, involves the propriety of a bill of peace, an equitable remedy. This is the only issue in these appeals which triggered this Court's jurisdiction.