# Court of Appeals
# of the State of Georgia

ATLANTA,  October 23, 2013

*The Court of Appeals hereby passes the following order:*

**A13A1222. MITCHELL et al. v. WELLS FARGO BANK, N. A. et al.**

Richard Mitchell and Deborah Mitchell filed an action to quiet title against Wells Fargo Bank, N. A. and others. The superior court dismissed the action, finding that Richard Mitchell was barred from filing the complaint by a bill of peace previously entered pursuant to OCGA § 23-3-110. The bill of peace enjoins Mitchell from filing any pleading or complaint related to the property in question without the court's prior written approval, and it also provides that any such pleading or complaint brought without the court's approval is subject to dismissal.  Their appeal, arguing, among other things, that the bill of peace is void and therefore the dismissal of his quiet title action was erroneously predicated on it.

A bill of peace is an equitable remedy. *White v. Call*, 292 Ga. 565, 568, n. 2 (738 SE2d 617) (2013).

> It being the interest of this state that there shall be an end of litigation, equity will entertain a bill of peace: (1) To confirm some right which has been previously satisfactorily established by more than one legal trial and is likely to be litigated again; (2) To avoid a multiplicity of actions by establishing a right, in favor of or against several persons, which is likely to be the subject of legal controversy; or (3) In other similar cases.

OCGA § 23-3-110 (a). "Prevention of vexatious, oppressive and ruinous litigation is a frequent cause for the exercise of equity jurisdiction, and injunctions to restrain a multiplicity of suits in such cases are not only permitted, but favored, by the courts." *Moreton Rolleston, Jr., Living Trust v. Kennedy*, 277 Ga. 541, 542 (591 SE2d 834) (2004)(citations and punctuation omitted).

The Georgia Supreme Court has general appellate jurisdiction of "[a]ll equity

cases." Ga. Const. of 1983, Art. VI, Sec. VI, Par. III (2). "[E]quity cases are those in which a substantive issue on appeal involves the legality or propriety of equitable relief sought in the superior court – whether that relief was granted or denied." *Beauchamp v. Knight*, 261 Ga. 608, 609 (2) (409 SE2d 208) (1991) (punctuation omitted). In this case, a substantive issue on appeal involves the legality or propriety of the equitable bill of peace issued by the superior court. The Georgia Supreme Court therefore has appellate jurisdiction over this case. See *White*, supra (issue involving propriety of a bill of peace was "the only issue in these appeals which triggered [Supreme] Court's jurisdiction"); *Moreton Rolleston, Jr., Living Trust*, supra at 543 (Supreme Court affirmed dismissal of complaint on ground that previous bill of peace enjoined filing of such a complaint without prior approval by trial court). Accordingly, this appeal is hereby transferred to the Georgia Supreme Court for disposition.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,* 10/23/2013
      *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *Stephen E. Castlen* _____ *, Clerk.*