**SECOND DIVISION**
**DOYLE, P. J.,**
**DAVIS, J., and SENIOR JUDGE FULLER**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. https://www.gaappeals.gov/rules**

**June 25, 2026**

# In the Court of Appeals of Georgia

A26A1449. DUNN v. LOOKOUT MOUNTAIN JUDICIAL CIRCUIT.

DOYLE, Presiding Judge.

Danny Dunn, proceeding pro se, appeals from the trial court's denial of his petition for declaratory and injunctive relief against "the Judges of the Lookout Mountain Judicial Circuit," and Kathy Page, as Clerk of Dade County Superior Court. After a hearing, the trial court dismissed the petition, and Dunn appeals, alleging several enumerations of error. For the reasons that follow, we affirm and levy sanctions against Dunn for filing a frivolous appeal.[1]

In July 2019, Dunn's ex-wife filed a run-of-the-mill petition for divorce and child custody, see generally *Dunn v. Dunn*, 368 Ga. App. 161 (889 SE2d 352) (2023)

---

[1] See Court of Appeals Rule 7(e)(2) (2025).

("*Dunn II*"), which has ballooned into at least nine different trial court proceedings and even more appeals.[2] The final order of divorce was issued on December 15, 2020, but Dunn filed a motion to set aside the order and motion for new trial. See id. While those motions were pending, on January 7, 2021, his ex-wife filed a petition for a temporary protective order, which was granted by Judge Brian House, who presided over the divorce proceeding.

By January 26, 2021, in the main divorce case, Dunn's attorneys moved to withdraw, and Dunn filed a pro se motion to recuse Judge House from any further proceeding involving the custody of Dunn's children, attaching to the motion a ten-page affidavit listing alleged instances of bias. Dunn also moved to strike the guardian

[2] See, e.g., *Dunn v. Dunn*, 363 Ga. App. 132 (871 SE2d 30) (2022) ("*Dunn I*") (reversing trial court's entry of contempt and protective orders); *Dunn II*, 368 Ga. App. at 161; *Dunn v. Dunn*, Case No. A24D0325 (May 10, 2024) (dismissing application as untimely); *Dunn v. Dunn*, Case No. A25D0186 (Jan. 23, 2025) (dismissing application for failure to obtain superior court ruling); *Dunn v. Dunn*, Case No. A25A1061 (Feb. 11, 2025) (dismissing direct appeal because Dunn was required to file an application for discretionary appeal under OCGA § 5-6-35(a)(2)); *Dunn v. Dunn*, Case No. A25D0255 (Mar. 3, 2025) (dismissing discretionary application as untimely and because Dunn was not entitled to a second appeal from the same order); *Dunn v. Dunn*, Case No. A25A1759 (Jun. 24, 2025) (dismissing for lack of jurisdiction an appeal from an email from the superior court clerk's officer returning as unaccepted one of many of his motions to recuse certain judges from the circuit); *Dunn v. Dunn*, Case No. A26A0772 (direct appeal of the denial of Dunn's petition to modify custody).

ad litem's testimony, and after his first motion to recuse was denied by Judge Don Thompson, Dunn filed another motion to recuse Judge House.[3] Dunn's ex-wife also filed two motions for contempt of the December 15 order, which Judge Thompson granted. Those orders were later reversed on appeal due to the pending motion for new trial, and in the same appeal, this Court reversed the family violence protective order for lack of sufficient evidence. See generally *Dunn I*, 363 Ga. App. at 132. In the meantime, on August 19, 2021, all the judges of the Lookout Mountain Circuit voluntarily recused themselves from the divorce proceeding, noting that the recusal was for that proceeding.

Eventually, after our decision in *Dunn II*, on March 26, 2024, a senior judge sitting by designation entered a final order with a parenting plan.[4] A few months after entry of the March 26 order, on June 7, 2024, Dunn filed a petition for custody modification. Judge Chris Arnt was scheduled to hear certain motions, and Dunn

---

[3] In October 2021, Dunn also moved for contempt against the trial court clerk for failing to accept his e-filed documents, and to impeach the guardian ad litem for false testimony.

[4] Dunn later challenged the appointment of this judge via a writ of quo warranto, which the trial court dismissed on February 20, 2025. Dunn appealed that decision, and we dismissed that appeal. See *Dunn v. Matthews*, Case No. A25D0390 (order issued May 29, 2025).

moved to recuse him on the basis that he previously worked in the district attorney's office when Dunn was prosecuted for charges arising from the divorce. Judge House denied the motion to recuse Judge Arnt, and Dunn moved to recuse Judge House.

Dunn's ex-wife also moved to compel discovery and for contempt in the modification proceeding, which motions Judge House granted on December 5, 2024, and January 9, 2025. Dunn appealed those orders, but this Court dismissed the appeal on February 11, 2025, for failing to file a discretionary application.

Along with his appeal of the January 9 contempt order, and based on that same order and other rulings by Judge House in the modification case, Dunn filed three petitions for extraordinary relief, including requests for mandamus and writs of prohibition, which were docketed as three separate cases. Dunn argued that Judge House and the rest of the Lookout Mountain Circuit judges should be recused from any action in which he appeared, and the sheriff should be prohibited from enforcing the January 9 contempt order, among other things.

An administrative judge appointed Senior Judge William McLain to review the petitions, and he dismissed them in a consolidated order issued on March 7, 2025. Essentially, Judge McClain determined that Dunn's recourse for the judges' failure

to recuse was not mandamus or an extraordinary writ, but a direct or discretionary appeal to this Court.

Judge House continued to issue orders in the modification action, and in February 2025, he also issued a screening order requiring that any filing made by Dunn required review by him or another judge prior to docketing in order to manage the volume of frivolous filings made by Dunn. Dunn filed more motions to recuse Judge House in the modification action, and he eventually filed another petition for declaratory judgment and injunctive relief in a separate action in July 2025, naming the entire Lookout Mountain bench and the superior court clerk. Dunn argued that Judge House and the rest of the Lookout Mountain Circuit judges should be prohibited from presiding over his cases, that the orders of designation allowing Senior Judge Matthews to preside over his divorce proceeding and allowing Senior Judge McClain to preside over his extraordinary petition cases were not proper orders of designation, and that the clerk should accept his filings without pre-screening.

Eventually, Judge House recused himself from the modification action on August 19, 2025. Judge McClain presided over the remainder of that proceeding,

deciding the merits of the custody modification on September 25, 2025, and this Court recently affirmed the order in *Dunn v. Dunn*, Case No. A26A0772.

In the current case, Judge McClain presided over the proceedings, dismissing the petition in a thorough and well-reasoned order on January 20, 2026. This appeal followed.

Dunn alleges 15 enumerations of error, none of them meritorious. Ultimately, the issues that Dunn raises were not justiciable, and if they were, Dunn's recourse was in underlying actions and proper appeals thereof — either the divorce action, custody modification, or contempt proceedings. See, e.g., *Cobb County v. Floam*, 319 Ga. 89, 97(2) (901 SE2d 512) (2024) (explaining that a petition for declaratory relief is appropriate to guide parties from future uncertainty and not to address a determination of rights already accrued); *Tsoglin v. Jackson*, 375 Ga. App. 367, 368–69(2) (916 SE2d 209) (2025) (holding that the dismissal of an action filed against a sheriff was an impermissible collateral attack of a prior proceeding in which the plaintiff failed to timely intervene); *Armstrong v. Solicitor-General of Gwinnett County*, 366 Ga. App. 865, 868 (884 SE2d 556) (2023) (holding that neither a petition for mandamus nor a request for a declaratory judgment were appropriate vehicles for

challenging a court policy, which policy did not create a justiciable controversy between the parties). Most of the allegations were mooted by the determinations on appeal by this Court or by Dunn's failure to properly appeal those orders, notably the amended final order from March 26, 2024. Other claims are based on misrepresentations or misunderstandings of the record or Judge McClain's order. Further, screening orders of motions or other documents like the one imposed on Dunn are permitted if a litigant has abused his access to the court, which may in turn exercise its "discretion in undertaking such actions to aid in the orderly administration of [court] business[.]" *Higdon v. Higdon*, 321 Ga. App. 260, 266-67(4) (739 SE2d 498) (2013). See also *Moreton Rolleston, Jr., Living Trust v. Kennedy*, 277 Ga. 541, 542–43 (591 SE2d 834) (2004). Accordingly, Dunn's arguments are without merit, and the trial court did not err by dismissing this action.

Moreover, Dunn's petition as well as his appeal of this order are frivolous. "'No person is free to abuse the courts by inundating them with frivolous suits which burden the administration of the courts for no useful purpose.'" *Higdon*, 321 Ga. App. at 266(4). Given Dunn's history of filing meritless, repetitive actions as summarized in this opinion, we hereby assess frivolous appeal penalties in the amount of $10,000

against Dunn. The trial court is DIRECTED to enter a money judgment in this amount in favor of the defendants in this action upon remittitur. See Court of Appeals Rule 7(e)(2), (e)(3).

*Judgment affirmed. Davis, J., and Senior Judge C. Andrew Fuller concur.*